ROSA WILSON, ADM'RX AND ANOTHER v. J. A. LORANE.

Contract between plaintiff and defendant May 17th, 1850, to run a horse race over a certain course, between two horses named, on the 29th of July next thereafter, for $1000 aside, that is $500 cash and $500 in American horses; notes for $500 put;up as forfeit; declarations of defendant that he would not run the race, assigning different reasons at different times; plaintiff went upon the ground at time stipulated, and defendant failing to appear, ran his horse around the track; no evidence that the plaintiff had the money or American horses ready to stake; a witness testified that according to the custom of racing, to entitle one of the parties to the forfeiture from the other, it is incumbent upon him to appear at the place on the day agreed upon, with the amount of money or property to put up on his part and trot or lead his horse around the track; the jury having found for the plaintiff, it was held that a new trial was properly refused.

Where the Court has given in charge the law applicable to the facts proved, it is not error to refuse to give additional charges, at the request of counsel, amplifying and repeating the substance of the charge already given.

Appeal from Bastrop. The agreement to run the race was as follows: We the undersigned, subscribers, agree to run a match race, for one thousand dollars aside, mile heats: that is, five hundred cash, and five hundred in American horses; to come off on the 29th of July, 1850, over the Bastrop course, Texas, between Messrs. Samuel Wilson and Thomas A Moore's bay horse, Albert Gallatin, and Mr. J. A. Lorane's brown mare, Promise, by Red Bill, dam Ann Harper by Imp Lasborough, with light weights. Each of the above named gentlemen to put up their notes for five hundred dollars: that is, two hundred and fifty dollars in cash and two hundred and fifty dollars in American horses, agreeable to the above named stipulations. The race to come off between one and two o'clock P. M. Bastrop, Texas, May, 17th, 1850. (Signed) J. A. Lorane and Samuel Wilson.

At one time Wilson said he would not run the race because the surety of Lorane in the forfeit note, was not good; at

another time, he said Moore would not permit his horse to run. A witness testified that according to the custom of racing, to entitle one of the parties to the forfeiture from the other, it is incumbent upon him to appear at the place on the day agreed on, with the amount of money or property to put up on his part, and trot or lead his horse around the track.

One of the charges asked by the defendant and refused was as follows : If the jury believe from the evidence that the note sued on was executed and put up as a forfeiture upon a horse race, to entitle him to recover, it is incumbent upon him to aver and prove that he appeared at the place, and on the day that they agreed to run the race, prepared to put up the thousand dollars in money or property according to the stipulations of the contract, with his horse, to run according to the rules of racing ; if he has failed to make such proof they must find for the defendants.    Motion for a new trial overruled.

*Poage, Chandler* and *Walton*, for appellants.

*Oldham*, for appellee.

LIPSCOMB, J.    This suit was brought to recover the amount of a note of hand, made by the two intestates of appellants, for five hundred dollars, put with a stake holder, as a forfeit to Lorane, if Wilson should fail to run a race made and contracted to be run between the horse of Wilson and the horse of Lorane, at a time and place agreed upon in the contract, for $1000, a side.    Wilson declined, running before the time, and declared that he would not run the race, assigning different reasons at different times, for not complying with his contract to run.    It was in proof that the appellee, was on the ground at the time stipulated and ran his horse around the track. The statement of the facts will show other evidence not mentioned in the statement of the case.    The presiding Judge

having been of counsel, the parties selected G. W. Jones, Esq., as Special Judge, who charged the jury as follows: This is an action "brought upon a promissory note executed by defend-"ants to plaintiff and placed in the hands of a stake holder to "be held as a forfeit upon a horse race. If from the evidence "you are satisfied that the plaintiff complied with the contract "on his part, entered into with the said Wilson to run said "race, and that he conplied with the rules of racing so as to "entitle himself to the forfeit, you will find for the plaintiff "the amount of said note with interest thereon from maturity "to this date. Otherwise you will find for the defendants."

    (Signed.)               G. W. JONES, Special Judge.

Both parties asked specific charges, but the Court, as it is believed very properly, refused to give them, because each of them that the law and the facts would have authorised their being given in charge, were already given by the Judge. It has grown into a troublesome and inconvenient practice, to make calls upon the Judge to charge the same matter over and over again, without any tendency to the edification of the jury in the discharge of their duty. It is fishing for an accidental erroneous charge from the Judge, or it is taking the chance of bewildering the jury. Test the charge of the Judge by a direct reference to the facts in the case, and it will be found that the charge is sufficient for everything material therein stated. There is no error and the judgment is affirmed.

                                Judgment affirmed.