THE ERIE TELEGRAPH AND TELEPHONE COMPANY V. A. C. GRIMES.

No. 6812.

1. **Rules of Pleading—Amendment—Demurrer.**—An exception to a petition, "that it does not clearly set forth any cause of action," is not equivalent to an exception, "because the cause of action is not stated at all." The former goes to the form only of the petition. A defective statement of a cause of action is not reached by a general demurrer.

2. **Pleading—Petition.**—See allegations held to state sufficiently that the act of negligence complained of was the proximate cause of the injury for which damages were sought. (Plaintiff failed to reach his mother before her death.) The petition is not required to negative facts or conclusions that do not appear therein.

3. **Exceptions Held too Indefinite.**—An exception that the petition is insufficient "because it shows that the plaintiff failed to see his mother from other causes with which defendant was in no way connected," is too indefinite. There being no other causes found in the pleadings no ruling by the court could be predicated upon them.

4. **Opinion—Supposition.**—Where there is an issue as to the wish or inclination of the plaintiff to go home to see his mother, his conclusions from the facts, his supposition, was a fact which the jury might weigh. It appears that plaintiff was to be notified of his mother's condition. His conclusions from not hearing from her were properly admitted.

5. **Notice of Importance of Telegram — Charge.** — The court instructed the jury: "If the agent knew of the importance of the prompt transmission and delivery of the message, or could have discovered it from the terms of the telegram, or from other telegrams in reference to the same matter, the defendant would be chargeable with knowledge of the fact." This presented the law of the case. See facts.

6. **Contributory Negligence.**—The court properly refused to instruct the jury that "if the acts or omissions of plaintiff contributed in any appreciable extent to the result of which he complains he can not recover." This is not the law of contributory negligence.

7. **Charge.** — It was not error to refuse to select certain features of the evidence and charge directly upon them, after having given instructions that fully comprehended and clearly included such defenses.

8. **Verdict Not Excessive.**—In suit against a telegraph company for negligence in failing to send a dispatch, the failure causing the plaintiff to miss reaching his mother in her last illness, *held*, a verdict of $667.56 was not excessive.

9. **Tender when Applied to the Judgment.**—The amount deposited with the clerk with a plea of tender should be applied to the judgment in part payment. The defendant tendered the amount of the money paid for sending the dispatch; judgment for aggregate of damages.

APPEAL from La Salle.    Tried below before Hon. D. P. MARR. The opinion states the case.

*McLeary & King*, for appellant.—1. The amended original petition being filed in lieu of the original petition, should set forth all the allegations necessary in the original petition, showing the venue, the jurisdiction of the court, and setting forth a full and clear statement of the cause of action; in all of which particulars this amended petition is defective.    Rev. Stats., arts. 1195, 1197; Rules for District Courts, 4, 13–15.

2.   The general demurrer should have been sustained by the court, because the plaintiff in his first amended original petition combines matter which should have been pleaded in a supplemental petition with matter which should have been contained in his original petition, and omits many of the requisites of the original petition.    1 Sayles' Civ. Stat., p. 405; Rules for District Courts, 3–5, 12–15.

3.   The court erred in not sustaining the general demurrer to the first amended original petition, because it supersedes the original petition by a supplemental petition, and the original petition being abandoned there is nothing offered to take its place.    Rules for District Courts, 5, 12, 14.

4.   The court erred in overruling the defendant's special exception No. 2, because the allegations in the plaintiff's petition do not show that the failure of the defendant to send the telegram was the proximate cause of the plaintiff's failure to see his mother.    Beach on Con. Neg., sec. 10, p. 27, and cases cited; Smith v. Tel. Co., 4 Am. Rep., 132, 134, and cases cited; 8 Am. and Eng. Corp. Cases, 21–24.

5.   The court erred in overruling the special exceptions of the defendant to the petition of the plaintiff, because the said petition shows that the plaintiff failed to see his mother from other causes with which the defendant was in no way connected.    Smith v. Tel. Co., 83 Ky., 104.

6.   The petition itself shows contributory negligence on the part of the plaintiff, and that he himself did not use due diligence to prevent the damage suffered.    Railway v. Richards, 68 Texas, 375; Brandon v. Manfg. Co., 51 Texas, 121; 1 Sedg. on Meas. Dam., *94, and notes; Beach on Con. Neg., pp. 25–37; Railway v. Rogers, 24 Ind., 103; Matthew v. Butler Co., 28 Iowa, 253.

7.   The court erred in admitting the testimony of the plaintiff as to what he supposed in regard to the operation which was performed on his mother, and as to what the understanding was between his sister and himself; such testimony being incompetent and irrelevant and not

admissible, over the objections of this defendant, as appeared by the bill of exceptions taken. The testimony admitted was incompetent and irrelevant, and stated the conclusions and suppositions of the witness and matters that passed between him and his sister in the absence of the defendant. Railway v. Burke, 55 Texas, 323; Schwarzhoff v. Necker, 1 Posey's U. C., 325; Dewees v. Bluntzer, 70 Texas, 406.

8. The court erred in its charge in instructing the jury to the effect that it was the duty of the defendant's agent at Kenedy station to examine other telegrams in reference to the same matter to discover the importance of the telegram which the defendant is charged with neglecting to send, the law imposing no such obligation on the defendant or its agent. The charge of the court required the defendant or its agent to examine not only the telegram itself which the defendant is charged with failing to send, but all other telegrams "in reference to the same matter," whether passing between the same parties or other persons, which is certainly erroneous. McAllen v. Tel. Co., 70 Texas, 246; Daniel v. Tel. Co., 61 Texas, 457.

9. If the plaintiff by his acts or omissions contributed to any appreciable extent to the result of which he complained, to-wit, the failure to see his mother during her last sickness and to attend her funeral, then he should not have been permitted to recover a judgment against this defendant. McAllen v. Tel. Co., 70 Texas, 246; Railway v. Richards, 68 Texas, 375; Brandon v. Manfg. Co., 51 Texas, 121; 4 Am. and Eng. Encyc. of Law, 15; Beach on Con. Neg., pp. 25–37; 1 Sedg. on Meas. Dam., *94, and notes.; Railway v. Rogers, 24 Ind., 103; Matthew v. Butler Co., 28 Iowa, 253.

10. The instruction asked by defendant and refused by the court [see opinion] applies to the evidence showing neglect by the plaintiff to take the usual and customary precautions on leaving the station before receiving an answer to his telegram, and should have been given to the jury.

11. Under the facts of this case the damages recovered could not have been more than nominal. Daniel v. Tel. Co., 61 Texas, 457; Smith v. Tel. Co., 4 Am. Rep., 132, et seq.; Bank v. Tel. Co., 27 Am. Rep., 489, et seq.; Parks v. Tel. Co., 13 Cal., 425; Gray Com. Tel., 145, 146, et seq.

No brief for appellee reached the Reporter.

COLLARD, JUDGE, *Section A.*—This suit was brought by the appellee, A. C. Grimes, against the appellant, the Erie Telegraph and Telephone Company, in Karnes County (the venue changed to La Salle), to recover damages (actual $5000 and exemplary $5000) for failure to send a telegram from Kenedy to Bastrop, whereby plaintiff failed to see his mother in her last sickness and to attend her funeral.

There is no question as to exemplary damages in the case. Defendant filed general demurrer, special exceptions, general denial, plea of contributory negligence, electrical disturbances preventing the transmission of the message, and tender of the price of the message. There was verdict and judgment for plaintiff for $667.56, from which defendant has appealed.

The facts of the case are substantially as follows:

Plaintiff was a lieutenant in the Ranger service in the company of Captain Schmidt. The headquarters of the company was in camp about ten miles from Kenedy (a station on the San Antonio & Aransas Pass Railway), at which place defendant carried on its business of telegraphing, its lines and connecting lines extending to Bastrop, in Bastrop County, about 100 miles from Kenedy. Plaintiff's mother, an old lady, lived at Bastrop with plaintiff's married sister, and was and had long been afflicted with a tumor of the womb. Her health was failing and it was thought that the tumor would have to be removed to save her life. Plaintiff had not seen her for about two years, but he knew of her condition, and had an understanding with his sister at Bastrop that if the tumor was to be removed he should be notified, and that it was not to be done unless he was present, as it was considered a very dangerous operation. Kenedy and Bastrop were connected by railways and it was about a fifteen hours run to Bastrop. Answers to messages from Kenedy to Bastrop ought to have been received in two hours, if promptly sent and delivered.

Plaintiff was on a scout and arrived at camp on the morning of the 19th of August, 1887, at daylight. There he found a telegram from his brother at Bastrop, W. H. Grimes, of date August 15, as follows: "Operation will be performed Wednesday. Come if you can." He at once answered it: "Just received your message. Am I too late? Answer to-day;" writing the message on ordinary paper. He sent the message over to Kenedy, and it was delivered to defendant's operator about 9 a. m., and 90 cents paid for sending it, the charge made.

The messenger returned to camp and brought a telegram to plaintiff from one Coy to meet him at Kenedy to go with him to arrest a party. He went over to Kenedy, arrived there at about 2 p. m., when he immediately inquired of the operator if any answer had come to his telegram, and was told that none had come. He told the operator that the message was important. Coy was to come in on the train from "Corpus" at 4 or 5 p. m. He asked the defendant operator about an answer to his dispatch three times before the train from Corpus came in, and was told that no answer had come. He says the operator was "just knocking about there."

Coy came on the train and plaintiff went with him to San Antonio by rail, reaching there about 9 p. m., where they remained until the next day about 12 m., when they took the International train to Pear-

sall, about fifty miles south of San Antonio; got to Pearsall, took horses and went into the country, and were gone until the 25th of August, at which time he returned to Pearsall and there found a telegram from his captain, dated August 20, to go home at once, that his mother was in a dying condition. He went at once to Bastrop, reached there on the 26th, found that his mother had died on the 22d, and was buried same day.

On the 20th of August a telegram came for him from his brother-in-law D. A. Morris, at Bastrop, to Kenedy, as follows: "Your mother is in a dying condition. Come at once." It was addressed in care of Captain Schmidt. He dispatched to several places to inform plaintiff of the condition of his mother and to go home, and one of these dispatches plaintiff found at Pearsall as before stated. The dispatch to plaintiff from Morris shows that it was received at San Antonio on the 20th at 10 a. m., where it seems it had to be repeated on defendant's line.

When plaintiff left Kenedy to go on a scout with Coy he left no instructions to forward any telegrams to him to any place. San Antonio is on the way from Kenedy to Bastrop, both by rail and wire. Plaintiff stopped there all night and until 12 m. on the 20th. His hotel was near the telegraph office of the defendant and another of another company. He sent no dispatch home to Bastrop while in San Antonio.

Plaintiff's dispatch to his brother was never sent from Kenedy. If it had been promptly sent and answer promptly returned he would have received the answer before he left on the scout, and would have had ample time to have seen his mother before she died.

Plaintiff by leave of the court filed an amended original petition in the District Court of La Salle County, giving the style and number of the case, the court in which the suit was pending, and the term. It was in part a supplemental petition replying by exceptions and denial to the answer of defendant previously filed. It was not addressed to any court, nor did it point out the date of the instrument amended. After styling the case, giving its number, designating the court and its term, it simply commenced: "Now comes the plaintiff by leave of the court and files this his first amended original petition, and for amendment says." It then replied to the answer of defendant, after which the entire cause of action was alleged in full. It states plaintiff's residence, that the defendant the Erie Telegraph and Telephone Company was duly incorporated, had a local agent in the county where suit was brought, giving his name, etc.; that it owned and on the 19th day of August, 1887, operated a telegraph line from Kenedy Station to Bastrop for hire, etc., and transmitted telegrams for the public between said points.

Defendant filed a general demurrer, which was overruled, and now assigns error to the sufficiency of the amendment as such as follows:

Because the amendment was not addressed to any court; made no complaint against defendant or any person, natural or artificial; did not state the domicile of the defendant, or by what authority it was incorporated; contained allegations that could have been made only in a supplemental petition, and failed to make a clear statement of the cause of action.

The object of these assignments is to show that the amendment as such does not conform to the rules of pleading. The defects pointed out in so far as they exist are defects of form only, and could not be reached by a general demurrer. The objection as to statement of the cause of action is that it was not *clearly* and *fully* stated, not that it was not stated at all. This objection also goes to the form only of the statement. A defective statement of a cause of action is not subject to a general demurrer; if it is so stated that it is amendable it is good as against a general demurrer. Wells v. Fairbanks, 5 Texas, 582; Warner v. Bailey, 7 Texas, 517; 40 Texas, 341.

There are several assignments of error predicated upon the overruling of special exceptions to the amended petition. It is contended that it did not show that the failure of defendant to send the message was the proximate cause of plaintiff's failure to see his mother before she died. The petition alleges that if defendant had promptly sent the message plaintiff's brother would have answered it on the evening of the same day, informing him of his mother's condition (that the operation had been performed on the 17th), and he would have reached her by rail before her death; that "by the failure of defendant to transmit the message he was prevented from being with his mother in her last hours on earth." The same allegation is made in better form, as follows: "That because the defendant failed and refused to comply with its contract, and to transmit said message with promptness and reasonable dispatch, he was prevented," etc. There being nothing in the petition to contradict and annul the allegations, they are sufficient if true to show that defendant's breach of contract was the proximate cause of the matter of complaint. The petition is not required to negative facts or conclusions that do not appear therein. It is also claimed that the petition as amended is insufficient, "because it shows that plaintiff failed to see his mother from other causes with which defendant was in no way connected." What other causes? The exception and the assignment are too indefinite; besides, such other causes are not found in the pleading. It does not allege the facts that plaintiff left Kenedy on the day he expected a reply to his dispatch, his stay in San Antonio, his trip to Pearsall and thence into the country on a scout, or other incidents, omissions, and acts of plaintiff from which it might be claimed that his own conduct was the cause of the injury. It does appear that he did not go at once upon the receipt of the message from his brother; but it also appears that he had as he supposed

sent a telegram, the answer to which was expected, and would come if his going to see his mother could avail anything. His neglect was accounted for in this manner, and it was not for the court to say in ruling on the pleading that it was not sufficiently accounted for.

The court permitted plaintiff over objections of defendant to explain why he did not go on home from San Antonio. He said it was because it was understood between him and his sister at Bastrop, at whose house his mother was sick, that he was to be notified when the operation was to be performed, and that it was not to be done unless he was present, and that he supposed it had not been done. The assignment of error is specially addressed to his being allowed to state what he "supposed." The fact of the understanding was admissible; we have some doubt about the admissibility of his supposition. There was a question made about his wish or inclination to go home to see his mother. On this issue his conclusion from the facts, his supposition, was a fact which the jury might weigh.

It is insisted that the court erred in the charge to the jury as to the notice or knowledge of the company of the urgency of the message. He instructed the jury that "if the agent knew of the importance of the prompt transmission and delivery of the message, or could have discovered it from the terms of the telegram, or from other telegrams in reference to the same matter," the defendant would be chargeable with knowledge of the fact. The agent referred to was the same that received the first message. The charge presented the law of the case. Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Moore, 76 Texas, 66; Tel. Co. v. Lamothe, Id., 219.

The court instructed the jury to find for plaintiff in any event the 90 cents paid for the sending of the message. This was an unnecessary charge, because the amount was tendered to plaintiff before suit, the tender was pleaded, and the amount deposited in the court with the plea. No verdict was required on the amount, but it was not error to so charge.

The following charge requested by the defendant was refused by the court, and the refusal assigned as error: "If the acts or omissions of plaintiff 'contributed in any appreciable extent' to the result of which plaintiff complains, he can not recover." This is not the law of contributory negligence. Railway v. Ormond, 64 Texas, 489; Murray v. Railway, 73 Texas, 7.

The following requested charge was refused, for which error is assigned: "If the jury believe from the evidence that the plaintiff by his acts in neglecting to direct any telegram received at Kenedy to be forwarded to him at San Antonio or Pearsall contributed to the result complained of, to-wit, that he did not see his mother in her last sickness and was not present at her funeral, then you will find for defendant, notwithstanding the negligence of defendant in the matter."

In the general charge of the court the jury were instructed, that "if on account of the failure of defendant to send and deliver the plaintiff's telegram, and on that account alone he was prevented from seeing his mother in her last sickness," they should find for plaintiff in case other necessary facts were established.   They were also told that their verdict should be for defendant "if the failure of plaintiff to attend his mother in her last sickness was due to his own carelessness or voluntary act or omission, and not the negligence of the defendant."   At request of defendant the jury were instructed that "before they could find for plaintiff they must believe from the evidence that the failure of defendant's agent to send the telegram was the proximate cause of his failure to see his mother in her last sickness and to attend her funeral."   And again, at the request of defendant the jury were told that "if the failure of plaintiff to see his mother in her last sickness and be at her funeral was caused by other things than the failure of defendant to send the telegram," their verdict should be for the defendant.

There were facts in evidence from which the jury may have found that if he had made arrangements to have telegrams as to his mother's condition forwarded to him at San Antonio or Pearsall he would have received the dispatch of the 20th of August, stating that his mother was in a dying condition, either at San Antonio or Pearsall in ample time to have seen her alive.   He left Kenedy, where he might have expected information, and the jury may have found that ordinary care on his part would have dictated the necessity of directing messages on the subject to follow him, and that in case he had used such care he would have had no cause to complain of the consequences as alleged.

Another view of his duty in case he wished to see his mother is suggested by a charge asked and refused that he should have sent other telegrams from San Antonio after he arrived there.   He abandoned the chance of information at Kenedy by leaving there, with no directions that messages should follow him.   In such case the jury may have concluded that it was his duty to telegraph again from San Antonio, and that he remained there long enough to have received an answer in the ordinary course of things, and in time to have seen his mother alive.   Error is assigned on the refusal of the court to present this view of the case by a special charge asked.

If these special instructions requested were the law of the case—that is, defendant having negligently failed to send his dispatch if under the circumstances the duty devolved on plaintiff to order telegrams to follow him, and to send other telegrams from San Antonio—the charges given by the court at its own instance and by request of defendant fully covered the points.   The issues were raised by the testimony, and the charges given by the court submitted them to the jury, so that if

the jury had seen proper they could have decided for the defendant on these very points. The charges given did not specially indicate the duties of plaintiff, and were not as definite as those asked, but they embraced all the phases of the defense raised by the evidence. We do not think it was error to refuse to select certain features of the evidence and charge directly upon them, after having given instructions that fully comprehended and clearly included such defenses. The charges given embraced all the law as asked in the refused charges; no more could be required. Wilson v. Lorane, 15 Texas, 492; Galbreath v. Atkinson, Id., 21; Montgomery v. Nash, 23 Texas, 160, 163; Railway v. Medaris, 64 Texas, 92.

There are a number of assignments of error addressed to the refusal of the court to grant a new trial on account of objections to the verdict, but none of them can be noticed except such as were called to the attention of the court in the motion for a new trial. It is claimed that the verdict shows on its face that it was based on a compromise and not on the evidence. The record does not advise us as to how the jury reached their verdict.

It is claimed that the verdict is excessive and shows on its face that it was caused by passion or prejudice. We can not say the verdict was excessive. If plaintiff was entitled to recover at all, $667.56 is not too much for the injury complained of. The amount of 90 cents deposited with the clerk with the plea of tender will of course be applied to the judgment in part payment of it.

The only other objection to the verdict in the motion for a new trial is that it "is contrary to the law and the evidence." It has often been decided that this is too general and that it need not be noticed. Special assignments of error based upon such a motion, pointing out specially the inaccuracies and injustice of the verdict, can not avail in this court.

Finding no error in the judgment as claimed in the assignments, our opinion is that it ought to be affirmed.

*Affirmed.*

Adopted November 3, 1891.

Judge MARR did not sit in this case.