## FLEMING v. STRINGER et al.   (No. 610.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 8, 1920.)

**1. Appeal and error ⟜863—Order sustaining general demurrer and exceptions to petition tested by ruling on demurrer.**

On appeal from an order sustaining a general demurrer and certain exceptions to appellant's petition, the judgment will be tested by the ruling on the general demurrer, and cannot be aided by fact that special exceptions may have been properly sustained.

**2. Vendor and purchaser ⟜314(1)—Petition failing to allege tender of deed sufficient.**

Where plaintiff agreed to convey his interest in certain land incumbered by two judgments, a petition, seeking to recover the specified consideration, is not defective for failing to allege tender of a conveyance, where it appeared that defendants had previously acquired plaintiff's interest in the land by purchase from one of the judgment creditors.

**3. Vendor and purchaser ⟜314(1)—Description of land sufficient.**

In a petition to recover consideration for plaintiff's interest in land incumbered by judgments, allegations that the land was part of a specified league in a certain county, and was the land conveyed to a named judgment creditor by sheriff's deed, etc., *held* a sufficient description as against a general demurrer.

**4. Vendor and purchaser ⟜11 — Judgment creditor holding land in trust for owner not necessary party to contract for conveyance.**

Where land had been conveyed to a judgment creditor to hold in trust for the owner, the judgment creditor was not a necessary party to a contract to convey the land, since her interest would be foreclosed by paying her debt.

**5. Vendor and purchaser ⟜314(1)—Petition to recover purchase price sufficient.**

A petition to recover purchase price of land incumbered by two judgments was not insufficient because not alleging tender of performance before the specified date by plaintiff owner and by a judgment creditor who had an interest in the land, where it is alleged the date of performance was extended, that one judgment creditor had been paid, and that defendants had acquired legal title through foreclosure of other judgment.

**6. Parties ⟜59(2)—Repurchasing cause of action and filing petition makes person party to suit.**

Where plaintiff repurchased his cause of action and filed his petition after the original

purchaser had filed suit thereon, objection that plaintiff had not made himself party to the suit is untenable.

**7. Vendor and purchaser ⟜314(1)—Petition to recover consideration sufficient.**

A petition to recover consideration for plaintiff's interest in land incumbered by two judgments *held* sufficient against objection that the judgment sale purchaser had not conveyed her interest in the land or paid off the other judgment, where it appears that the judgment purchaser's interest had been fully satisfied, and defendant had acquired title from the other judgment creditor.

**8. Judgment ⟜17(1) — Judgment cannot be entered in favor of nonresident defendant not served.**

Judgment cannot be entered in favor of a nonresident defendant who has not been served with process.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by J. V. Fleming against T. A. Stringer and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

A. D. Lipscomb, of Beaumont, for appellant.

Greer & Nall, of Beaumont, for appellees.

WALKER, J. This is an appeal from an order sustaining a general demurrer, and certain exceptions to appellant's petition. He duly alleged the execution of the following contract by appellees as parties of the first part and himself as party of the second part, to wit:

"The State of Texas, County of Jefferson:

"Know all men by these presents: That we, E. M. Chester, acting for myself and as agent and attorney for T. A. Stringer of Gadsden, Alabama, of the first part, and J. V. Fleming of the second part, witnesseth:

"Whereas, both parties are claiming certain interests and title in and to a certain tract of land, a part of the A. Williams league in Jefferson county, Texas, and being the tract of land conveyed to Mrs. Decandia Barrow by sheriff's deed under an order of sale issued out of the district court of Jefferson county, Texas; and

"Whereas, the parties are desirous of amicably adjusting their said interests in and to said land:

"Now, therefore, the said first parties agree to pay to second party $781.25 in money for his interest in said land and in addition to pay off and satisfy the judgment in full as recovered by Mrs. Decandia Barrow in the district court of Jefferson county, Tex., against J. V. Fleming, including the items of expenses incurred by the said Mrs. Barrow in the care and preservation of said property since her purchase from the sheriff, including taxes, etc., for which the said Mrs. Barrow shall execute a release of said judgment, and a deed to T. A. Stringer, conveying by special warranty

her interest in said land, and also is to pay off, discharge, and satisfy that certain judgment recovered in the justice court of Jefferson county, Texas, by the Keifer-Davis Publishing Company against J. V. Fleming, being the said judgment under which an execution has issued against the lands above mentioned, in consideration of which the said J. V. Fleming agrees to convey to said first parties all of his right, title and interest in and to the lands above described, the title to which is now held by the said Mrs. Decandia Barrow.

"It is understood that this agreement is to be carried out and fully executed by the parties hereto on or before the 25th day of June, 1917.

"In testimony whereof, witness the hands of the parties hereto at Beaumont, Texas, this 25th day of June, 1917. [Signed] E. M. Chester, For Himself and as Agent and Attorney for A. T. Stringer, First Parties. [Signed] J. V. Fleming, Second Party."

He also alleged that the property as described in the contract had been sold under execution against him and bought in by Mrs. Barrow under agreement between him and Mrs. Barrow that she would hold the property in trust for him, and would deed it back when she was paid the amount of her judgment; that the above contract was written by her attorney, and that she had consented thereto, and she agreed to deed it to the appellees as soon as they should pay the amount due on the judgment; that appellant and appellees agreed, as between themselves, to an extention of the time allowed by the contract within which it should be executed; that at the time of the execution of the contract, Keifer-Davis Publishing Company had a judgment against appellant, that execution had been levied on the property involved in this suit under that judgment, and that the property had been advertised for sale; that he called appellees' attention to this fact, and that they agreed to protect the judgment and handle the matter satisfactorily to themselves, under the terms of the above contract; that appellees then agreed with the attorney for the Keifer-Davis Publishing Company to have the property sold; and under this agreement, the attorney for the Keifer-Davis Publishing Company bought the property in and conveyed it to them; that he, appellant, paid off in full the amount due under the judgment held by Mrs. Barrow, and called on appellees to pay the balance due under the contract between him and them; that they refused to pay the cash consideration and other items of indebtedness assumed by them. He concluded his petition with the following prayer:

"Wherefore, premises considered, plaintiff prays that upon the trial hereof that he have judgment against said T. A. Stringer and E. M. Chester for the sums of money hereinbefore specifically alleged, with interest; and that said sums be adjudged a lien upon said land, cost of suit, and such other relief, general and spe-cial, legal and equitable, as the facts may show him entitled to, he here offering to do equity, and so will ever pray."

[1] As we understand appellant's pleading, indulging all reasonable intendments in his favor (Erie Tel. & Tel. Co. v. Grimes, 82 Tex. 94, 17 S. W. 831; Insurance Co. v. Woodward, 45 S. W. 187), the brief statement given by us fairly reflects his cause of action. The judgment of the trial court must be tested by the ruling on the general demurrer, and cannot be aided by the fact that, possibly, the special exceptions were properly sustained. Reasoner v. G., C. & S. F. Ry. Co. (Sup.) 203 S. W. 593; Stark v. J. M. Guffey Petroleum Co., 80 S. W. 1080, Supreme Court, 98 Tex. 542, 86 S. W. 1; Bigham Bros. v. P. A. C. & D. Co., 100 Tex. 202, 97 S. W. 686, 13 L. R. A. (N. S.) 656.

[2] As sustaining the general demurrer, appellees advance the following propositions:

(1) "The plaintiff, Fleming, nowhere alleges in his pleadings that he has tendered a conveyance to defendants nor did he tender a conveyance in his pleadings."

Appellant did not allege that he had tendered a conveyance to appellees. This allegation was not necessary. He made no attack on the validity of the sale under the Keifer-Davis judgment, nor does he pray that it be set aside. The contract was that for a recited consideration he would "convey to said first parties all of his right, title and interest in and to the lands above described, the title to which is now held by the said Mrs. Decandia Barrow." Under the allegations of the petition, appellees had already acquired "all his right, title and interest," under the execution sale. Hence the tender of a conveyance from appellant would not have aided the title already held by them. Appellant alleged a contract to sell land; that appellees had acquired the title to the land under the contract, and had refused to pay for the land, as shown above, he prayed only for a recovery of the purchase price.

[3] (2) That the description of the land was fatally defective.

We cannot agree to this proposition. The land was thus described in the contract:

"A certain tract of land, a part of the A. Williams league in Jefferson county, Texas, and being the tract of land conveyed to Mrs. Decandia Barrow by sheriff's deed under an order of sale issued out of the district court of Jefferson county, Texas"

—the contract making this additional reference to the judgment:

"* * * And satisfy the judgment in full as recovered by Mrs. Decandia Barrow in the district court of Jefferson county, Texas, against J. V. Fleming, including the items of expenses incurred by the said Mrs. Barrow in the care and preservation of said property since her purchase from the sheriff."

Appellees' criticism of this description is that appellant does not allege that Mrs. Barrow had only one judgment against him, and that she had bought only one tract in the A. Williams league by sheriff's deed. If his pleading is defective in this particular, it is not subject to general demurrer. Such defect could only be raised by a special exception.

(3) "The contract sued upon showing upon its face that the land which was the subject of the contract was owned by Mrs. Decandia Barrow, and provided that she would execute a deed to T. A. Stringer, conveying by special warranty deed her interest in said land on or before June 25, 1917, and she not having become a party to said contract by executing the same, such contract is not binding upon the defendants herein, and therefore the lower court did not err in sustaining a general demurrer."

It is a sufficient answer to this proposition to say that under the allegations in the petition it appears that Mrs. Barrow held this land in trust for appellant. Such being the case, she was not a necessary party to the contract, because her interest in the land would be foreclosed by the payment of her debt.

[5] (4) "The contract sued upon having provided that the same should be fully consummated on or before the 25th day of June, 1917, even if said contract was binding upon the defendant Chester, the plaintiff, Fleming, could not recover without alleging that he tendered performance thereof on or before said time, both upon his part as well as upon the part of Mrs. Decandia Barrow, who was the owner of the title conveyed under the execution sale."

Answering this proposition, appellant alleges that the time in which the contract was to be performed was extended by mutual agreement between him and them. It also appears from his allegations that Mrs. Barrow's claim had been paid by him in full; that the trust in her had terminated, and that appellees had acquired the legal title from him under the sale under the Keifer-Davis Publishing Company judgment.

[6] (5) It appears from appellant's petition that he at one time sold his cause of action to N. R. Bolton; that Bolton filed suit thereon, and pending the litigation, he repurchased from Bolton and made himself a party to the litigation by filing his petition, which we have summarized above. His petition is not subject to the objection that he had not made himself a party to the suit.

[7] (6) "Where it appears from the contract that the land which was the subject of the contract had been by the sheriff under order of sale conveyed to Mrs. Decandia Barrow, and the contract providing that Mrs. Decandia Barrow should execute a special warranty deed conveying her interest in said land and also pay off, discharge, and satisfy a judgment recovered in the justice court by Keifer-Davis Publishing Company, the plaintiff, Fleming, could not enforce the performance of said contract, or, in the alternative, recover damages without alleging that Mrs. Barrow had tendered the special warranty deed as provided in said contract, and that she had also paid off, discharged, and satisfied the judgment in the justice court recovered by the Keifer-Davis Publishing Company, and therefore the general demurrer was properly sustained."

What we have said above disposes of this proposition. The contract does not provide that Mrs. Barrow is to pay the Keifer-Davis judgment, as claimed by appellees; but, if it does so provide, it appears from appellant's petition that appellees paid the amount of this judgment under the execution sale in favor of Keifer-Davis Publishing Company, and no facts appear from his petition which would entitle them to have it repaid to them. It also appears that Mrs. Barrow's interest in the land has been fully satisfied, and that appellees have already acquired, under their execution purchase, all the interest owned by appellant, as fully as if he were to make an additional conveyance to them.

After carefully examining appellant's petition, we are convinced that the court was in error in sustaining appellees' general demurrer.

[8] The trial court entered the following judgment in favor of T. A. Stringer, defendant:

"It appearing to the court that the said T. A. Stringer is a nonresident defendant, and had not been properly served herein so as to require him to answer in this suit in which plaintiff is seeking to recover a personal judgment. It is therefore ordered, adjudged, and decreed by the court that the plaintiff, J. V. Fleming, take nothing as against the defendant T. A. Stringer."

This ruling is assigned as error. In view of the fact that Stringer had not been served, on the facts stated in this decree, the court was without authority to enter judgment in his favor.

For the errors above discussed, the judgment of the trial court is reversed and remanded.