## NATIONAL LIFE INS. CO. of the UNITED STATES v. BROWN. (No. 1106.)

(Court of Civil Appeals of Texas. Beaumont. April 15, 1924.)

**1. Insurance ⬦629(1)—Complaint in action for amount of policies, statutory damages, and attorney's fees held sufficient on general demurrer.**

Complaint alleging, inter alia, amount of premium on policies sued on, that they were continuously in force until insured's death, defendant's denial of liability, that plaintiff was forced to employ counsel, and claiming amount of policies, statutory damages, and attorney's fees, *held* sufficient on general demurrer, though defendant's indebtedness to plaintiff, payment of consideration for policies and full compliance with terms thereof were not directly alleged.

**2. Insurance ⬦668(7)—Whether statement in revival application was false, willful, and fraudulent held for trial court.**

Whether insured was suffering with tuberculosis at time of signing statement in revival application that he was in good health and that all statements in original application, except as to age, were true, and made statement willfully and fraudulently, *held* questions of fact for trial court.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Suit by Ida Brown against the National Life Insurance Company of the United States. Judgment for plaintiff, and defendant appeals. Affirmed.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Van Velzer, York & Neeld, of Houston, for appellant.

Green & Boyd, of Houston, and H. L. Livingston, of Coleman, for appellee.

WALKER, J. This suit was instituted by appellee in the county court against appellant, to recover on two small insurance policies aggregating $381.75, and for the statutory penalty and attorney's fees. She alleged the issuance of the policies, that she was the beneficiary, that the policies were duly issued and delivered, and the amount of the weekly premiums, that the policies were kept in force from the time of their issuance to the death of the insured, the death of the insured, the making and filing with appellee of the necessary proofs of death, the denial by the defendant of all liability on the policies, and that she was forced to employ counsel, and within the time provided by statute filed this suit, claiming the amount of the policies and statutory damages and attorney's fees.

On trial to the court without a jury, judgment was rendered in her favor for $381.75 as sick and death benefits, $45.81 as the 12 per cent. penalty provided by the statute, and $125 as attorney's fees.

[1] The reasonable intendment of these allegations as against a general demurrer embodied a cause of action. While no direct allegation was made that the defendant was indebted to plaintiff, nor that a consideration was paid for the policies, nor that she and the insured had fully complied with the terms of the policies, these allegations could and should be inferred from the allegations as made. For instance, to plead that the weekly premium on the policies was 35 cents, and that the policies were continuously in force from the date of their issuance until the death of the insured imports the payment of a consideration, for on no other condition could the policies remain in force. So, to allege the death of the insured and that the policies were in force, with the prayer for the amount of the policies, was to plead an indebtedness from defendant to plaintiff, and a compliance with the necessary conditions of the policies. We also think that the facts alleged stated a cause of action as against a general demurrer for the statutory damages and attorney's fees. Northwestern National Insurance Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 187; Telegraph Co. v. Grimes, 82 Tex. 89, 17 S. W. 831; Gulf Refining Co. v. Bonin (Tex. Civ. App.) 242 S. W. 776; Millers' Indemnity Underwriters v. Boudreaux (Tex. Civ. App.) 245 S. W. 1025.

[2] The facts show that the policies were permitted to lapse a short while before the death of the insured, but all past-due premiums were duly paid and receipts given therefor and the policies reinstated a few weeks before the insured's death. The agent renewing the policies gave to appellant the following:

"I hereby declare that I have collected all the arrears on the policy mentioned above; that I have, this the 4th day of August, 1921, personally seen the party formerly insured under this policy; that he appears to be twenty-eight years of age and in a good state of health. I therefore advise the company to revive this policy."

He testified that appellee "paid me all that I demanded at that time [referring to the time the policies were renewed]." In the revival application, the following statement was made by the insured:

"I certify that I am now in good health, and that all answers and statements except as to age, made in the original application for my policy are as of this date, full, true, and correct."

Appellant now advances the proposition that under the undisputed evidence, the insured was suffering with tuberculosis at the time he signed this statement, and that it was made willfully and fraudulently. Under the facts of this case, this was a question of fact to be decided by the court, and was resolved by him against appellant. In Insurance Co. v. Mary Mouton (Tex. Com. App.) 252 S. W. 1040, the Supreme Court held contrary to appellant's proposition that plaintiff cannot recover penalty and attorney's fees for failure to pay benefits under an insurance policy when complainant makes claim and demand for more than he is entitled to recover.

The judgment of the trial court is affirmed.