## POSTAL INDEMNITY CO. v. McCAULEY.

### No. 2428.

Court of Civil Appeals of Texas. Beaumont. Oct. 7, 1933.

Rehearing Denied Nov. 22, 1933.

Davis, Avery & Wallace, of Center, for appellant.

Anderson & Lewis, of Center, for appellee.

WALKER, Chief Justice.

This appeal is from a judgment of the county court of Shelby county, in favor of appellee, Jessie C. McCauley, against appellant, Postal Indemnity Company, for the sum of $353.34, under an automobile accident policy issued on the 16th day of August, 1930, for injuries received on the 15th day of January, 1931.

There is no merit in appellant's contention that appellee's petition was subject to the general demurrer. He alleged in general terms the issuance of the policy, its delivery, the accident and resulting injury, and pleaded generally that the injuries were received within the terms of the policy and that the necessary conditions to fix liability had been duly performed. No special exceptions were urged. As against the general demurrer the petition was sufficient to state a cause of action. Northwestern National Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Erie Telegraph Co. v. Grimes, 82 Tex. 89, 17 S. W. 831; Gulf Refining Co. v. Bonin (Tex. Civ. App.) 242 S. W. 776; Millers' Indemnity Underwriters v. Boudreaux (Tex. Civ. App.) 245 S. W. 1025.

The by-laws of appellant provided that no liability existed against it under the policy sued upon prior to the date of the delivery of the policy. This by-law was not reflected by the terms of the policy but was incorporated therein only by reference to its general by-laws; and it was not shown that appellee had actual knowledge of this by-law. Appellant pleaded that the policy was never delivered to appellee and relied upon this by-law as an absolute defense. In fact, the policy was duly and regularly issued by appellant upon receipt of the annual premium paid by appellee, for which appellant duly issued its official receipt, and was forwarded by appellant to its local agent to be delivered to appellee. The agent never delivered the policy, nor tendered it to appellee for delivery, but appellant did not know that it had not been delivered and never authorized its cancellation nor requested its return but appropriated and retained the premium paid by appellee for

the policy. In July, 1931, just prior to the renewal date of August 16, 1931, appellant wrote appellee, advising him that his next premium would fall due on August 16, 1931, and advised him to pay it and to keep his policy in full force and effect. Appellee then wrote to appellant that he did not have the original policy and asked for a duplicate policy. Appellant answered this request by forwarding appellee a duplicate policy and by advising him, in effect, that his original policy was in full force. Even if the by-law thus pleaded by appellant should be construed as a part of the policy and binding upon appellee, the facts stated were sufficient to put the policy into effect as a lawful contract.

Appellant also answered by pleading specially the following conditions of the policy.

### "Notice of Accident

"It shall be the duty of the Insured, upon the happening of any accident as to which it may thereafter be claimed the same is covered by this policy, to give written notice within ninety-one days after the date of such accident and injury to the Home Office of this company; and failure to comply with this condition shall operate as a complete defense to any claim on this policy."

As required by the provisions of article 5546, R. S. 1925, appellant denied under oath that the notice thus contracted for had been given. Appellee filed no reply to this answer except by way of exceptions and general denial, but went to trial upon the general allegations of his petition, which were only to the effect that he had complied with all the conditions of the policy necessary to create a cause of action in his favor.

In order to recover on the allegations of his petition, appellee was required to show that he gave notice to appellant within the ninety-one days allowed him by the terms of his policy. In Federal Surety Co. v. Smith, 41 S.W.(2d) 210, 213, by the Commission of Appeals, expressly approved by the Supreme Court, it was held that similar provisions are "not void under our laws"; and, when the proof was not furnished within the ninety-one days, that the insured must plead and prove that the insurance company had waived the conditions as to notice. This holding would also require the insured to plead the issue of estoppel against the insurance company, provided estoppel was relied upon; and also that in view of the particular circumstances of his case the stipulation as to notice was unreasonable. On the issue of pleading see, also, Francis v. International Travelers' Ass'n (Tex. Civ. App.) 260 S. W. 938; same case, by Supreme Court, International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.(2d) 282; Pardue v. National Mutual Ins. Co. (Tex. Civ. App.) 55 S.W.(2d) 884.

From the authorities cited above, where notice was not given as required by the terms of the policy, in order to recover the insured or the plaintiff in the cause of action must plead a justification, good in law or equity, for not giving the notice within the time required. In this case the undisputed facts were that the notice was not given until long after the expiration of ninety-one days after the date of the injury. As appellee pleaded no justification or excuse for not giving the notice within the required time, his proof on this issue was without support in his pleadings. Appellant has asked that judgment of the lower court be reversed and judgment here rendered in its behalf because of this defect in the pleadings. This request must be denied because it reasonably appears to us that appellee, by amending his pleadings, can state a good cause of action.

For the reasons stated the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.