COMMERCIAL UNION ASSURANCE COMPANY v.
J. K. DUNBAR.

No. 346.

1. **Petition on Contract of Insurance Insufficient.**—The rules of pleading, where not modified by statute, are the same in their application to contracts of insurance as to other contracts. In declaring on a contract of insurance, it, or so much as will show a right to recover, must be set out in terms or in substance. The money is only recoverable on the performance of certain acts by the insured, and the existence and performance of these facts must be alleged.

2. **Same—Interest of Assured Must Be Averred.**—An insurable interest at the time of the insurance and at the time of the loss must be averred, to entitle plaintiff to recover.

3. **Same—Proof of Loss Must Be Alleged.**—Proof of loss, in accordance with the terms of the policy, must be alleged, or an allegation that this stipulation was waived.

4. **Ten Days Vacancy Clause in Policy Valid—Waiver.**—A stipulation that the policy, unless otherwise provided by agreement, shall become void if the property insured become vacant and remain so for ten days, is valid, and an allegation that the agent knew that the building was not the dwelling of the assured, and that it would be occupied by a tenant, and knew of the vacancy when the policy was issued, would not avoid the vacancy clause.

5. **Knowledge of Agent Estoppel.**—If at the time of the loss the occupancy of the premises is in the same condition as was known to the agent at the time of insur-

ance, the company is liable, even though the applicant ignorantly signed an application filled out by the agent containing an erroneous statement on the subject. But if the premises once become occupied after insurance, the condition takes effect, or if the agent, on knowing of a vacancy occurring after insurance, notifies the insured that it will invalidate the policy, or if he is merely silent, the company is not estopped.

6. **Proper Charge.**—See opinion for a proper charge that should have been given.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*Denman & Franklin*, for appellant.—The demurrers should have been sustained. 2 May on Ins., sec. 588; Sayles' Pl., art. 1187; Ashwaith v. Ins. Co., 17 Am. Rep., 117; Alexander v. Ins. Co., 23 Am. Rep., 76; Ins. Co. v. Clarke, 79 Texas, 23; Ins. Co. v. Flournoy, 19 S. W. Rep., 793; Ins. Co. v. Long, 51 Texas, 89; Ins. Co. v. Brown, 82 Texas, 631; Fitzmaurice v. Ins. Co., 84 Texas, 61; May on Ins., 3 ed., sec. 249; Lubelsky v. Ins. Co., 86 Ala., 530; Ins. Co. v. Hutchins, 53 Texas, 61; Ins. Co. v. Troy Co-operative Assn., 77 Texas, 225; Ins. Co. v. Boren, 83 Texas, 97.

2. There was no evidence to support the verdict. Ins. Co. v. Coffee, 61 Texas, 287; Ins. Co. v. Mattingly, 77 Texas, 162.

3. The charges asked should have been given. Cannon v. Cannon, 66 Texas, 682; Railway v. Le Gierse, 51 Texas, 203; Bank v. Ins. Co., 62 Texas, 461; Kerr v. Hutchins, 46 Texas, 384; Adams v. Cook, 55 Texas, 161; Levy v. McDowell, 45 Texas, 220.

*McLeary & Flemming*, for appellee.—1. The demurrers were properly overruled. Ins. Co. v. Dyches, 56 Texas, 565; Ins. Co. v. Leonard, 80 Ind., 272; Ins. Co. v. McGookey, 33 Ohio St., 555; Ferrer v. Ins. Co., 47 Cal., 416; Schneiderer v. Ins. Co., 58 Wis., 13; Daniels v. Ins. Co., 2 Mont., 78; Humphreys v. Hartford, 15 Blatchf., 35; 2 May on Ins., sec. 588; 48 Texas, 623; 65 Texas, 119; 59 Texas, 513; 21 Hun, 83; 55 Mo., 479; 56 Mo., 180; 67 N. Y., 283; 76 W. Va., 575; 70 Iowa, 693.

2. Waiver of conditions in policy: 64 Iowa, 216; 48 Me., 558; 52 Ill., 53; 36 Mich., 289; 44 Wis., 201; 62 N. Y., 51; 53 Wis., 136; 90 N. C., 16.

3. Charges were properly refused: Ins. Co. v. Meyer, 55 Miss., 479; Ins. Co. v. Cusick, 16 Pa., 133; Ins. Co. v. Allen, 10 N. E. Rep., 85; Burnett v. Ins. Co., 12 N. E. Rep., 609; Baker v. Ins. Co., 64 N. Y., 648.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by J. K. Dunbar against appellant on a fire insurance contract for loss occasioned by burning of the insured premises. Patrick Fletcher was joined as a party defendant, it being alleged in the plaintiff's petition that the

loss, if any, under the policy was made payable to him as his interest might appear.

Before the case was tried the original plaintiff died, and his executrix, A. A. Dunbar, was made the party plaintiff. The case was tried before a jury and resulted in a verdict in favor of plaintiff for $535, upon which the judgment was rendered from which this appeal is prosecuted.

There are twenty-eight assignments of errors insisted upon by counsel for appellant in their brief, all of which are responded to by appellee's counsel in theirs. We have examined and considered all the propositions and counter-propositions under the assignments of either party, as well as the authorities accessible cited in support of them. But we deem it unnecessary and inexpedient to discuss and pass upon all these assignments of error in our opinion, or to discuss such as we pass upon separately.

The sufficiency of plaintiff's pleadings to show a cause of action were assailed by general and special exceptions; and after the exceptions were overruled, the sufficiency of such pleadings to allow the admission of testimony offered was questioned, as well as their sufficiency to support the judgment rendered upon the verdict.

The petition alleges, that on the 15th day of September, 1890, appellant insured appellee for the term of three years against loss by fire in the sum of $1575 on his one-story frame, metal-roofed building, occupied as a dwelling, situated on corner of Elmira and Jackson streets, San Antonio, Texas, and also $175 on his fences inclosing said building; that appellant, through its agents, executed and delivered to appellee a policy of insurance therefor, dated on the 15th of September, 1890, and numbered 100,838, in the usual form in use by appellant company, by reason whereof it became liable and bound to pay appellee all damages occurring to him by reason of the destruction of said building or fences described in said policy, or any portion thereof, not exceeding the sum of $1750. That on the 26th day of August, 1891, the said house and fence were totally destroyed by fire, without any fault on part of plaintiff, and the damages to said building exceeded the sum of $1575, and the damages to said fence exceeded the sum of $165; wherefore defendant became liable and bound to pay plaintiff the said damages so accruing, amounting in the aggregate to $1750. The petition does not make an exhibit of the policy, nor does it set out the terms and conditions of the contract of insurance.

In addition to a general demurrer, among the special exceptions to the petition are, that it does not set out the contract of insurance; that it alleges plaintiff complied with the terms of the policy, but does not set out the terms or manner of his compliance; that there are no allegations in said petition sufficient to show plaintiff is entitled to

recover any damages on the policy referred to for the alleged destruction of the property.

The rules of pleading, when not modified by statute, are the same in their application to contracts of insurance as to other contracts. In declaring on a contract of insurance, it, or so much as will show a right to recover, must be set out in terms or in substance. In cases of insurance the money is only recoverable on the performance of certain acts by the insured and the existence of certain facts; the performance of these acts and the existence of these facts must be alleged. This rule applies to conditions and facts precedent to the insured's right to recover, and as an insurable interest at the time of the insurance and at the time of the loss must be shown to entitle the plaintiff to assert that interest, he should aver such interest in his pleadings. 2 May on Ins., secs. 588–590; Sayles' Pl., with Forms, sec. 106. The terms of the contract are not specifically averred, nor does it appear from plaintiff's allegations that he owned any interest in the property insured at the time of the alleged fire, or show the interest of the defendant Fletcher, to whom the loss was made payable as his interest might appear.

We think that the court erred in overruling the general demurrer and the special exceptions indicated to the plaintiff's petition.

If the averments of the petition could be considered in the light of the policy introduced in evidence, the exception to the petition upon the ground that it does not specify what proofs, if any, were furnished would be well taken; for the policy provides, "that ascertainment or estimate of loss shall be made by the insured and the company, or, if they differ, then by appraisers; and the amount of loss and damage having been thus determined, the sum for which the company is liable shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by the company in accordance with the terms of the policy; and no suit or action of the policy shall be sustainable in any court of law or equity until full compliance by the insured with such requirements." Unless some act of waiver of this provision was pleaded and shown it should have been alleged that the requirement was complied with, for it was a condition precedent to plaintiff's right to sue. 2 May on Ins., sec. 589. This exception was, however, embraced in the exception that the petition did not set out the terms of the contract.

The policy contained the following stipulation: "This entire policy, unless otherwise provided by agreement, shall be void if the building herein described    *   *   *   be or become vacant or unoccupied, and remain so for ten days." Appellant pleaded and proved by uncontradicted testimony, that the house was vacant at the time of the fire, and had been for more than ten days next prior to that time.

The appellee pleaded in replication, that appellant's agents knew of the vacancy when the policy was issued, and knew that it was not plaintiff's dwelling house, but that when occupied it was by a tenant, and that the statement in the policy, that the building was occupied as a dwelling, was written by said agents without appellee's authority. Such matters if true would not avoid the vacancy clause in the policy, and the exceptions to the pleading setting them up in avoidance of it should have been sustained. Alexander v. Ins. Co., 23 Am. Rep., 78. Though the house was vacant when the policy was first issued, it was rented and occupied on the 1st of October, 1890, and remained so until the 5th of June, 1891, when it became vacant and remained so until the fire occurred, which was about the 21st of August, 1891. There was not sufficient evidence, in our opinion, to show that appellant's agents knew the building was vacant at the time the insurance was effected. "If at the time of the loss the occupancy of the premises is in the same condition as was known to the agent at the time of insurance, the company is liable, even though the applicant ignorantly signed an application filled out by the agent containing an erroneous statement on the subject. But if the premises once become occupied after insurance, the condition takes effect, and if the agent on knowing of a vacancy occurring after insurance tells the insured that it will invalidate the policy, or if he is merely silent, the company is not estopped. Nor will knowledge that a vacancy will likely occur estop the insurer." May on Ins., sec. 494. Therefore, we conclude that it was error in the court not to give special charge number 3 asked by appellant, which is: "It is specially provided by the policy upon which plaintiff sues, that the said policy should be void if the dwelling house described therein should be or become either vacant or unoccupied during the existence of said contract, and so remain for ten days. The undisputed evidence in the case shows, that the said dwelling when alleged to have been injured by fire was vacant and unoccupied, and had been so vacant and unoccupied for more than ten days prior to the time it is alleged to have been injured. You are therefore instructed, that the legal effect of said stipulation in the policy is to render said policy void upon the happening of said vacancy and its continuance for ten days prior to said alleged loss, and you will therefore find for the defendant in this cause, unless you believe that the said stipulation in said policy was waived by defendant company, or by some agent of it who had authority to make such waiver, and the burden of proof is upon the plaintiff in this cause to show that such waiver was made by defendant or by some agent of defendant who had authority to make such waiver."

There are other errors, but they are incident to the ones discussed, and will not likely occur on another trial.

For the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 2, 1894.