NORTHWESTERN NATIONAL INSURANCE COMPANY V. J. S. WOODWARD
ET AL.

Delivered March 23, 1898.

1. **Pleading—Fire Insurance Policy—General Demurrer.**

An averment of an insurable interest in the plaintiff in an action on a policy of insurance as against a general demurrer, but not as against a special exception, may be supplied by reasonable intendment from an averment that the loss or damage occurred under circumstances and in a manner which rendered the defendant liable therefor.

2. **Same—General Demurrer—Intendments.**

Upon a general demurrer every reasonable intendment from the allegations in the pleading attacked will be indulged in its favor, and a defective statement of a cause of action or defense therein, if amendable, will be held sufficient.

3. **Same—Allegation of Ownership.**

Where the petition on a fire insurance policy alleged that the loss occurred under circumstances rendering defendant liable to plaintiff therein, it can be inferred that the insured had an insurable interest in the property at the time.

4. **Fire Insurance—Repairing Building.**

An insurance company can not relieve itself of liability by offering to repair the insured building, if it can not be restored by the repairs offered to the condition it was in before the disaster, or to a condition practically as good.

APPEAL from Ellis. Tried below before Hon. A. L. LOVE, Special Judge.

*Oeland & Brown*, for appellant.

*Groce & Skinner*, for appellee.

NEILL, ASSOCIATE JUSTICE.—We have concluded to grant the motion in this case and set aside our judgment reversing the judgment of the court below, and affirm said judgment. We will therefore withdraw our original opinion and write another, stating the conclusions of law and fact upon which we base our action.

This suit was brought by J. S. Woodward and J. H. Hull, trustees of the Milford Christian Church, of Milford, Ellis County, Texas, against the Northwestern National Insurance Company, of Milwaukee, Wis., upon a policy of insurance issued by said company indemnifying said Woodward and Hull as trustees of said church against immediate loss or damage that might occur by tornadoes, cyclones, or wind storms to a certain one-story frame building known as No. 103, corner Main and Water Streets, in the town of Milford, Texas, to recover $1500 damages alleged to have been done to said building by a cyclone or wind storm occurring on April 30, 1896.

The insurance company interposed a general demurrer to plaintiff's petition, pleaded a general denial, and pleaded specially that the policy sued on contained a clause that it should be optional with the company to repair, rebuild, or replace the property damaged with other property

of like kind or quality, within a reasonable time after the damage to the property insured, after giving notice of its intention to do so, and that defendant elected to rebuild and repair said property damaged and gave notice of its intention to do so within a reasonable time after the damage occurred, and sent its agent and employe on the ground for the purpose of repairing and rebuilding said house, but the plaintiffs failed and refused to permit appellant to repair and rebuild the damaged house, and that by reason thereof plaintiffs lost their right to recover.

It further pleaded that if defendants are entitled to recover any sum, it was only such sum as was reasonably necessary to repair and replace said building and put it in the same condition as it was before the damage and loss occurred, which it alleged to be the sum of $375.

The plaintiffs by supplemental petition pleaded in replication, that the building was so damaged and injured by the cyclone that it was incapable of being repaired so as to be in like character and condition as it was before said damages occurred; and specially denied that defendant ever offered to rebuild said building, but averred that it offered it the opportunity to rebuild, and that such offer was declined by the defendant.

The case was tried before a jury, and the trial resulted in a verdict in favor of $1025, upon which the judgment was rendered from which this appeal is prosecuted.

*Conclusions of Fact.*—On the 27th day of March, 1894, the appellant in consideration of $15 issued to J. S. Woodward and J. Hull, trustees, their policy of that date indemnifying them against loss or damage against wind storms, cyclones, or tornadoes, to the amount of $1500 on a one-story frame church building occupied as a church, and situated in Milford, Texas, for the term of three years from the 27th day of March, 1894, at 12 o'clock noon, to the 27th day of March, 1897, at 12 o'clock noon. The policy provides that the amount of loss or damage shall be estimated according to the actual cash value of the property at the time of the disaster, and that such loss or damage shall in no case exceed what it would then cost to repair or replace the same, deducting therefrom a suitable amount for any depreciation of the property from use or otherwise.

It is stipulated that it shall be optional with the insurance company to repair, rebuild, or replace the property lost or damaged with another of like kind and quality, within a reasonable time, giving notice of their intention to do so.

On the 30th day of April, 1896, during the time the policy was in force, an immediate loss and damage to the building named in the policy occurred by a cyclone or wind storm, which damage so done to the property amounted to the sum of $1025, which damage is estimated according to the actual cash value of the building at the time of the disaster,

and does not exceed what it would have cost to repair or replace said building.

After the loss occasioned by the cyclone, the appellant, through its agent, offered to repair the building upon condition that appellees as trustees would release the insurance company from all liability upon the policy before the work of repairing was commenced. The appellees expressed their willingness for the company to undertake the repairing of the building at its own risk, but refused to sign anything to release the company of its liability before the repairs were commenced or made. They, however, informed appellants that they did not believe it was practicable to repair and restore the building to its former condition of usefulness. After this appellant wrote to appellees' attorney demanding possession of the building for the purpose of repairing it, which demand was refused by the attorney upon the ground that the building could not be repaired, but he tendered possession of it to the appellee for the purpose of rebuilding, and the appellee refused to rebuild. We find the damage so occasioned was such that the building could not have been restored to the condition it was in before the disaster, or to a condition practically as good or as serviceable as before the loss.

*Conclusions of Law.*—The general demurrer of appellant to the petition was overruled, and this ruling is made the basis of the first assignment of error.

There is no specific averment in plaintiffs' petition that they owned the building at the time the loss occurred. Following the weight of authorities, this court held in Insurance Company v. Dunbar, 26 Southwestern Reporter, 628, and Insurance Company v. Everett, 36 Southwestern Reporter, 125, that the interest of the plaintiff in the property insured at the time of the loss being one of the essential facts upon which his right to recover depends, such interest should be alleged in the petition. And in the latter case it was held, that "in the absence of the specific averment of such fact, it can not be supplied by reasonable intendment." Following the idea expressed in the last case that the averment of ownership in the property destroyed at the time of the loss could not be supplied by reasonable intendment, we in our first opinion reversed the judgment in this case. We believe that the principle quoted from the Everett case is correct where a special exception is interposed, and should be limited to cases where the absence of such specific averment is specially excepted to. But upon a thorough consideration of the question, we have concluded that it is not correct where the exception is general and does not point out the defect. In our opinion, it is only where there is no specific averment of ownership at the time of the loss, nor allegations in the petition from which the fact of ownership can be reasonable inferred that a general demurrer can be sustained. "The general effect of a general demurrer is to admit the facts pleaded to be true, but to deny that they constitute a cause of action or ground of defense, and the only question to be considered under it is whether

any cause of action or ground of defense is described in the pleading demurred to. Consequently if sufficient be stated to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averment can not be taken advantage of by a general demurrer." Rule 17 of district and county courts. A defective statement of a cause of action is not subject to a general demurrer. If it is so stated that it is amendable, it is good against such demurrer. Tel Co. v. Grimes, 82 Texas, 94. The question upon a general demurrer is whether the pleading demurred to discloses a cause of action or defense. If so no inquiry will be made as to the form of stating the cause of action or ground of defense. Robinson v. Davenport, 40 Texas, 133. When a pleading is tested by a general demurrer, every reasonable intendment from the allegations contained in it taken as a whole is to be indulged. If ownership of an insurable interest in property at the time of loss is specifically alleged in the petition, the pleading in this respect is good even against a special demurrer; and to say that no inference or intendment shall be indulged in favor of its sufficiency when a general demurrer is interposed, is to give such demurrer the full force and effect of a special exception pointing out the defect.

Plaintiffs' petition, as stated, does not specifically aver an insurable interest at the time of the loss, but it contains this averment: "Which said loss or damage did not occur directly or indirectly under circumstances which by the terms and conditions of said policy or any of them would absolve the defendant from liability therefor, but on the contrary said loss or damage did occur under circumstances and in a manner which would and did render defendant liable therefor." The appellant would not have been liable to appellees unless they had an insurable interest at the time of the loss, and the allegation that the loss happened under circumstances which rendered defendant liable therefor can not be true, as admitted by the general demurrer, unless the insurable interest continued and was in existence at the time of the loss. It is thus seen that the fact that appellees owned an insurable interest in the property at the time of the disaster is clearly inferable from the other facts alleged in the petition, and this inference, when the petition is assailed by a general demurrer, unless the insurable interest continued and was in existence at the time of the loss. It is thus seen that the fact that appellees owned an insurable interest in the property at the time of the disaster is clearly inferable from the other facts alleged in the petition, and this inference, when the petition is assailed by a general demurrer, must be taken as an alleged fact.

We conclude, therefore, that we were in error when we held in Insurance Company v. Everett, supra, that in the absence of a specific averment of interest of the plaintiff at the time of loss that such averment could not be supplied by reasonable intendment, and to this extent we overrule the opinion on that point.

We therefore hold that the District Court did not err in overruling appellant's general demurrer to the petition.

The following part of the charge is assigned as error:

"If you find from the evidence that defendant did not offer to rebuild or replace the building so damaged or destroyed, but did offer to repair the same, you will then determine from the evidence, if such building could have been restored, by the repairs so offered to be made, to the condition it was in before the disaster or to a condition practically as good, and if such structure, by reason of the nature and extent of the damage, if any, it sustained, could not by the repairs proposed or offered to be made, have been so restored, such offer to repair would not relieve the defendant from liability under the said policy.

"If you find from the evidence that the building mentioned in the policy of insurance sued on in this case was injured, or damaged, within the time mentioned in said policy, by a tornado, cyclone, or windstorm, and defendant was offered an opportunity to rebuild said house and declined or failed to do so, then its plea that it offered to rebuild said building and was refused permission so to do, is not sustained and you can not find for defendant by reason of such plea."

The objection is that this is not the law as applicable to the facts of the case, and is misleading. In our opinion the assignment is not well taken. When the facts are considered, and this part of the charge is taken and construed in connection with the preceding paragraph of the court's charge, we believe it fully and clearly states the law applicable to the phase of the case upon which it is given.

Our judgment, therefore, reversing the judgment of the District Court and remanding this cause is set aside, our prior opinion withdrawn, and the judgment of the District Court affirmed.

*Affirmed.*

Writ of error refused.