PENNSYLVANIA FIRE INSURANCE COMPANY v. JAMESON BROS.

Decided March 21, 1903.

**Fire Insurance—Pleading—Ownership.**

See petition in an action against an insurance company for the value of property destroyed by fire held sufficient, as against a general demurrer only, to show that plaintiffs were the owners of the property, although not averring that fact in so many words.

Appeal from the District Court of Bosque. Tried below before Hon. Wm. Poindexter.

*Crane, Greer & Wharton* and *Lockett & Cureton,* for appellant.

*S. C. Padelford* and *Robertson & Robertson,* for appellees.

SPEER, ASSOCIATE JUSTICE.—The sole question presented upon this appeal is the sufficiency of appellees' pleadings as against a general exception. The action is one to recover upon a contract of fire insurance, and the point here raised is, that appellees' petition nowhere specifically alleged that they were the owners of the property insured, or that they had any insurable interest therein. The contention of appellant finds some support in the decisions.

In German Insurance Co. v. Everett, 36 S. W. Rep., 125, it was said: "The appellee's interest in the property covered by the policies at the time of the fire being one of the essential facts upon which her right to recover depends, it should have been alleged in the petition, and, in the absence of the specific averment of such fact, it can not be supplied by reasonable intendment." A general exception to the petition was sustained. So in Alamo Fire Insurance Co. v. Davis, 45 S. W. Rep., 604, the court say: "A contract of insurance is purely one of indemnity, and one seeking to collect an insurance policy must show that he had an insurable interest in the subject of insurance at the time the loss occurred. In other words, a plaintiff, seeking to collect a fire insurance policy, must show that he was the owner of the property, or was otherwise interested in it, at the time of its destruction; and unless he alleges such facts in his petition no cause of action will be stated, and therefore no judgment can be rendered in his behalf." In that case the petition alleged the contract of insurance to have been with Davis, and a subsequent assignment of the same to a building association, but did not allege any further facts to show that such association had an insurable interest in the property, and it was held that as to the association no cause of action was shown.

In Northwestern National Insurance Co. v. Woodward, 18 Texas Civ. App., 496, 45 S. W. Rep., 185, the court, in an opinion by the same justice who wrote the opinion in the Everett case, supra, expressly repudiate that decision, and say the reasoning should be applied to those

cases only where the absence of such specific averment is specially excepted to, and not to those cases where the exception is general and does not point out the defect.

The petition in German Insurance Co. v. Pearlstone, 18 Texas Civ. App., 706, 45 S. W. Rep., 832, averred that the defendant insured the plaintiffs against loss by fire "on their stock of merchandise, consisting of dry goods, etc.," and further charged that the policies were in force and effect at the time of the fire,—that the defendant insured the plaintiffs against loss of their property by fire,—that it was destroyed by fire, and thereupon the defendant became liable to the plaintiffs for the sum of $3500, the face of the policies. These averments were sufficient to show a cause of action as against a general exception.

The case of German Insurance Co. v. Gibbs, 35 S. W. Rep., 679, in an opinion by the late Justice Collard, holds that an allegation that the policy was issued to plaintiff is equivalent to an averment of ownership.

Appellees' pleadings are replete with averments which we consider sufficient to show a cause of action. The following excerpts will illustrate: "Plaintiffs would further aver that on the 29th day of December, 1900, the plaintiffs and the defendant made and entered into a contract of insurance, whereby the defendant, for the consideration of eighteen dollars paid as a premium, * * * executed and issued to the plaintiffs a policy of insurance, whereby the defendant contracted to and did insure the plaintiffs * * * for a term of four months, beginning on the 29th day of December, 1900, at noon, and ending on the 29th day of April, 1901, at noon, against all direct loss or damage against fire except as provided in said policy to an amount not exceeding eighteen hundred dollars * * * on wool owned or held by the assured while contained in a frame dwelling house known as the Lacy place, located detached on premises of the assured. * * * Plaintiffs would further aver that by reason of the execution of said policy by the defendant and the payment to the defendant as a consideration thereof by the plaintiffs of said sum of eighteen dollars, the defendant agreed and contracted to insure the plaintiffs against all direct loss or damage by fire on the above described wool. * * * Plaintiffs would further aver that while the said above contract was still in full force and effect, and during the life of the said policy, on to wit, about the 7th day of March, 1901, the property mentioned and described above, and which was included in and insured by said policy, was totally destroyed by fire, whereby a direct loss occurred to the plaintiffs not included within any reservation or proviso set forth and contained in said policy, * * * all of said wool named in said policy and covered thereby, * * * and that by reason of the destruction of said wool by said fire the defendant became liable and bound to pay plaintiffs and it promised to pay plaintiffs the full amount of said insurance policy, to wit, the amount of eighteen hundred dollars; * * * that proofs of loss were made out under and in accordance with the terms of said policy; * * * that the defendant * * * ac-

knowledged its liability under said policy,   *   *   *   and fails and refuses to pay said policy,   *   *   *   to plaintiff's damage of eighteen hundred dollars,   *   *   *   and to plaintiff's great damage in the sum of nineteen hundred dollars,   *   *   *   the above described property of the plaintiffs;   *   *   *   that by reason of such loss occurring under such contract of insurance, the defendant became liable and promised to pay to the plaintiffs;   *   *   *   that by reason of the failure of the defendant to pay said loss, the plaintiffs have been damaged in the said amount of nineteen hundred dollars," etc.

A special exception would possibly have required the petition to have been more specific, but by a general exception the appellant has admitted the truth of the allegations, which we hold are sufficient to show a cause of action.   See Rising Sun Insurance Co. v. Slaughter, 20 Ind., 520; Phoenix Insurance Co. v. Pickel, 21 N. E. Rep., 546; Fowler v. Insurance Co., 26 N. Y., 422; Insurance Co. v. Heart, 24 Ohio, 331, 5 Ohio Dec., 237; Quarrier v. Insurance Co., 10 W. Va., 507.

There is no error in the judgment, and the same is affirmed.

*Affirmed.*