CANNON v. BURNS.†

(Court of Civil Appeals of Texas. March 8, 1911. Rehearing Denied April 12, 1911.)

1. MUNICIPAL CORPORATIONS (§ 706*)—NEGLI- GENT USE OF STREET—PLEADING—CAUSE OF ACTION.

A petition alleging that, while plaintiff was walking along a certain street, defendant drove an automobile against him with great force and violence, causing serious injuries, and that the defendant was negligent in running the vehicle, which was comparatively noiseless, without giving any signal or warning of its approach, and that he negligently operated it at a high rate of speed, and that he failed to keep a lookout ahead, stated a cause of action on general demurrer.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. APPEAL AND ERROR (§ 1040*)—REVIEW— HARMLESS ERROR.

Where a defendant filed a second amended original answer, which set up the defense of contributory negligence and alleged facts to support that defense, and evidence was heard under the answer, the question whether an exception to that part of the first original amended answer which alleged contributory negligence was erroneously sustained will not be considered; the second answer having supplied the alleged defects and supplanted the first pleading.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

Action by Henry Burns against C. W. Cannon. From a judgment for plaintiff, defendant appeals. Affirmed.

Cobbs, Taliaferro & Cunningham, for appellant. Winchester Kelso and John Sehorn, for appellee.

NEILL, J. This suit was brought by appellee to recover damages for physical injuries caused by appellant's negligence.

Plaintiff's petition, as grounds of negligence, alleges substantially: That on June 19, 1909, while he was walking along East Houston street at its intersection with Losoya street, in the city of San Antonio, the defendant drove an automobile from the latter street across the point of its intersection with the other against plaintiff with great force and violence, in consequence of which he was painfully, seriously, and permanently injured; that defendant was negligent in running the vehicle against him, in that (1) it was heavy and capable of inflicting serious injury on one with whom it might come in collision, its movements being comparatively noiseless, by reason of which it was defendant's duty to give a signal, by horn or otherwise, of its approach, so as to prevent injury to people lawfully using the street over which it was being operated, but that defendant negligently ran and operated it without giving any signal or warning of any kind whatever of its approach; (2) that he negligently operated the automobile at a high and dangerous rate of speed of more than 18 miles an hour; (3) that he negligently failed to keep a lookout ahead and ran the vehicle against plaintiff without giving him any notice or warning of its approach; and that each of said several acts of negligence directly contributed to plaintiff's injuries. The injuries sustained by plaintiff are specifically averred, and the damages laid at $10,000.

The defendant, in his second amended original answer, on which the case was tried, after interposing a general demurrer to the petition, pleaded not guilty, and contributory negligence.

By a supplemental petition, the plaintiff excepted to "so much of defendant's answer as undertakes to allege that he was guilty of contributory negligence, because it fails to state what act or thing plaintiff did or omitted, constituting negligence." The general demurrer to plaintiff's petition was overruled, as was also the special exception to defendant's first amended original answer.

The case was then tried without a jury, and the court having found that the facts and law were with the plaintiff, and that he was damaged in the sum of $2,500, rendered judgment in his favor for that amount.

Conclusions of Fact.

In accordance with the findings of the trial court, we conclude from the evidence as matters of fact that the defendant was guilty of the acts of negligence charged in plaintiff's petition; that such negligence was the proximate cause of his injuries; and that he was damaged in consequence in the amount found by the trial court; and that the plaintiff was free from any act of negligence contributing to his injury.

Conclusions of Law.

[1] 1. There was no error in the court's overruling defendant's exceptions to plaintiff's petition on which the case was tried. Rule 17 (67 S. W. xxi) of district and county courts; Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Telegraph Co. v. Levy, 102 S. W. 135; Ins. Co. v. Chapman, 132 S. W. 855. We therefore overrule the appellant's first and second assignments of error.

[2] 2. If the exception sustained to defendant's answer had been addressed to that

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

part of his second amended original answer, which contains his plea of contributory negligence, it would have been manifest error to sustain it. But it is apparent from the record before us that the exception was not aimed at such pleading, but was directed against the defendant's first amended original answer. This is also clearly shown by the statement in appellant's brief under his third (inadvertently called the fourth) assignment of error, which complains of the court's sustaining such exception. Since the second amended original answer fully met the objection urged to the prior one by alleging specific acts of contributory negligence on the part of plaintiff and evidence heard in support of such allegations, the question as to whether the exception was erroneously sustained becomes purely academic and need not be considered.

3. Our conclusions of fact dispose of the remaining assignments adversely to appellant.

There is no error in the judgment, and it is affirmed.