## AUTOMOBILE INS. CO. v. BRIDGES. (No. 396.)

Court of Civil Appeals of Texas. Eastland. March 2, 1928.

Rehearing Denied April 20, 1928.

1. Insurance ⚖➔633—If petition contains averments from which ownership at time policy issued or at time of fire or insurable interest at either time can reasonably be inferred, it is not subject to general demurrer for not alleging ownership or insurable interest.

If a petition contains averments from which the fact of ownership at time fire policy was issued or at the time of the fire, or the fact of insurable interest at either time, can reasonably be inferred from matters alleged, petition is not subject to general demurrer for not specifically alleging such fact of ownership or insurable interest.

2. Pleading ⚖➔205(1)—If sufficient be stated in pleading to show cause of action or defense, defectiveness of averment cannot be taken advantage of by general demurrer.

If sufficient be stated in a pleading to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averment cannot be taken advantage of by a general demurrer.

3. Pleading ⚖➔205(2)—If cause attempted to be stated is so stated that it is amendable, it is good against general demurrer.

If cause of action attempted to be stated is so stated that it is amendable, it is good against a general demurrer.

4. Insurance ⚖➔633—Petition held to permit inference of ownership and that policy was in force at time of fire, so as not to be subject to general demurrer.

In suit on fire policy, allegations in petition that plaintiff was owner of the property, that on a given date he had premises insured by policy wherein defendant agreed to insure him against any losses by fire occurring to property of plaintiff, that damage by fire occurred on or about stated date to house of plaintiff, and that before fire was put out holes were burned

in roof of building belonging to plaintiff, *held* sufficient to compel inference that plaintiff was owner of the property at date of policy and at time of fire, and that policy was in force at time of fire, so as to make petition not subject to general demurrer for not stating specifically facts of ownership on date of policy, at time of fire, and that policy was in force at time of fire.

**5. Insurance ☞642—That petition fails to state policy's substance or substantial terms can be reached only by special exception.**

In suit on fire insurance policy, complaint that the plaintiff's petition alleged neither the substance nor the substantial terms of the policy can be reached only by special exception and not by general demurrer.

**6. Contracts ☞333(5)—In suit on contract, only part of contract essential to cause should be set forth.**

In suit on contract, in order to avoid prolixity, only so much of the contract as is essential to cause of action should be set forth in the petition, and this also may be stated according to its legal effect.

**7. Insurance ☞629(1)—Petition alleging execution of fire policy, property ownership, damage, and liability held sufficient against general demurrer.**

In suit on fire insurance policy, petition alleging execution of the policy, the ownership of the property, damage by fire, and liability of the insurer, *held* sufficient against general demurrer.

**8. Insurance ☞631—Terms of policy do not become part of pleading by general reference without being attached as exhibit.**

Terms and provisions of insurance policy do not become a part of a pleading simply by a general reference to the same without being attached to pleading as an exhibit.

**9. Insurance ☞629(2)—Court would not hold petition subject to general demurrer for failure to allege provision of fire policy with reference to furnishing proofs of loss.**

In suit on fire insurance policy, court would not hold that petition was subject to general demurrer simply because plaintiff failed to allege the provision of the policy with reference to furnishing proofs of loss.

**10. Contracts ☞346(10)—In suit on contracts, if there is any part of agreement which materially qualifies or varies sense and legal effect of parts set forth, omission thereof from pleading is fatal variance.**

In suit on contracts, if there is any part of an agreement which materially qualifies or varies the sense and legal effect of the parts set forth, care must be taken not to omit it from the pleading in order to avoid a fatal variance.

**11. Appeal and error ☞204(4)—Insurance ☞645(3)—Introduction of fire policy, where substantial terms thereof had not been alleged, held perhaps fundamental error, requiring consideration even in absence of objection.**

In suit on fire policy, introduction in evidence of policy where substantial terms thereof had not been alleged *held* perhaps fundamental error, requiring consideration even in absence of objection.

**12. Insurance ☞629(2)—Sufficiency of pleading could not be tested by reference to terms of policy in evidence.**

In suit on fire policy, the sufficiency of the pleading could not be tested by reference to the terms of the policy introduced in evidence.

**13. Insurance ☞612(2)—Recovery on fire policy held not allowable, where policy provided notice as condition precedent and there was no evidence of notice nor of waiver.**

In suit on fire insurance policy, which policy provided for notice of loss to insurer as condition precedent to recovery, recovery *held* not allowable where there was no evidence that notice had been given nor that there had been a waiver of requirement of notice.

**14. Insurance ☞665(8)—Evidence held not to show waiver of provision requiring notice of fire loss.**

In suit on fire policy, evidence *held* not to show waiver of provision requiring notice to insurance company of insured's loss.

Appeal from Stephens County Court; W. J. Arrington, Judge.

Suit by T. C. Bridges against the Automobile Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, and G. O. Bateman, of Breckenridge, for appellant.

D. T. Bowles, of Breckenridge, for appellee.

FUNDERBURK, J. This is a suit upon a fire insurance policy in which appellee recovered judgment for the sum of $575. Under appropriate assignments and propositions raising the questions, appellant insists that plaintiff's petition is subject to general demurrer because (1) there is no allegation that the policy of insurance was in force at the time the fire occurred; (2) there are no allegations setting out the substance of the policy nor the substantial terms thereof; (3) there are no allegations that plaintiff was the owner of the premises at the time of the fire; (4) there is no allegation that plaintiff was the owner of the property claimed to be covered by the insurance at the date of the contract of insurance; and (5) the policy requires, as a condition precedent to liability, that the assured shall furnish proof of loss, and there is no allegation showing a compliance therewith.

Whatever criticism may be justly urged as against appellee's pleading, we do not think that same is subject to objections that can be reached by general demurrer. We will first notice the questions raised by the first, third,

and fourth propositions. Appellant cites no authority in support of his first proposition to the effect that appellee's petition is subject to general demurrer because of the want of any allegation that the policy was in effect at the time the fire occurred. The principal authorities cited in support of the third proposition, to the effect that said pleading is demurrable because of the want of an allegation that plaintiff was the owner of the premises at the time of the fire, and of the fourth proposition, to the effect that said pleading is subject to general demurrer because there is no allegation that plaintiff was the owner of the property at the date of the contract of insurance, have been overruled or modified by later decisions. In Commercial Union Assur. Co. v. Dunbar, 7 Tex. Civ. App. 418, 26 S. W. 628, it was held that the failure of a petition in a suit upon an insurance policy to set out that the plaintiff had an insurable interest at the time of the fire is demurrable. In German Insurance Co. v. Everett (Tex. Civ. App.) 36 S. W. 125, it was held that a complaint which alleges that plaintiff was the owner of goods destroyed by fire, at the time of the issuance of the policy insuring same, but which failed to allege that she was the owner thereof at the date of the fire, is demurrable. Both of those decisions were by the same court and both were later overruled by that court in Northwestern National Insurance Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185, in which writ of error was refused by the Supreme Court. The rule substituted in the Woodward Case for previous holdings is that, where there is no specific averment of ownership at the time of the loss, or allegation in the petition from which the fact of ownership can be reasonably inferred, the petition is subject to general demurrer.

[1-4] The true rule seems to be that, if a petition contain averments from which the fact of ownership at the time the policy is issued or at the time of the fire, or the fact of insurable interest at either time, can be reasonably inferred from matters alleged, the petition is not subject to general demurrer. It is said that in a pleading, if sufficient be stated to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averment cannot be taken advantage of by a general demurrer. Northwestern National Insurance Co. v. Woodward, supra. If the cause of action attempted to be stated is so stated that it is amendable, it is good against a general demurrer. Erie Telegraph Co. v. Grimes, 82 Tex. 89, 17 S. W. 831. Applying the principle to the questions raised in appellant's first, third, and fourth propositions, we think that the allegations in plaintiff's petition that he is the owner of the property; that upon a given date he had the premises insured by a policy wherein defendant agreed to insure him against any losses by fire occurring to "said

property of plaintiff," which said contract "was in full force and effect and binding on plaintiff and defendant"; that damage by fire occurred on or about May 5, 1926, "to the house of this plaintiff"; and that before said fire was put out the said fire and heat had burned many holes in the roof "belonging to this plaintiff"—all compel the inference that plaintiff was the owner of the property at the date of the policy and at the time of the fire, and that the policy was in force at the time of the fire.

[5-7] Under his second proposition, appellant contends that plaintiff's petition was subject to general demurrer because neither the substance nor the substantial terms of the policy were alleged. The first authority cited in support of this proposition is Commercial Union Assur. Co. v. Dunbar, 7 Tex. Civ. App. 418, 26 S. W. 628, which we have already shown was later disapproved by the same court. We think the complaint made of the pleading in this respect is one that can be reached only by special exception. While special exception on this ground was overruled, there is no assignment complaining of such action. There is no rule that requires that all the terms and provisions of a contract upon which a suit is brought shall be alleged, either literally or in substance. The rule in this respect is that, in order to avoid prolixity, so much of the contract as is essential to the cause of action should be set forth and no more, and this also may be stated according to its legal effect. 13 C. J. 719. There is an important qualification to the rule, not applicable here, which will be referred to later. Appellee in his petition alleged the execution of the policy, the ownership of the property, damage by fire, and liability of the insurer. As against general demurrer, we think the allegations were sufficient.

[8, 9] By its fifth proposition, appellant makes the point that the policy requires, as a condition precedent to any liability of the insurer, that the assured should furnish proof of loss, and that, where plaintiff's petition, to which the policy was attached and made a part thereof, fails to allege a compliance therewith, such petition is demurrable. The proposition is not exactly applicable to the facts. The policy was not attached as an exhibit to the pleading. It is true that reference was made to the terms of the policy, and complaint of this is made in appellant's sixth proposition. We sustain the point that the terms and provisions of the policy do not become a part of a pleading simply by a general reference to same, without being attached as an exhibit. We are not prepared to hold, however, that the pleading was subject to general demurrer simply because plaintiff failed to allege the provision of the policy with reference to furnishing proofs of loss. Had such allegation been made, then, we think it would have been necessary for plaintiff, in order to state a cause of action, to have

further alleged compliance with such provision, or facts showing a waiver.

[10-12] Appellant objected to the introduction in evidence of the policy of insurance. The ground of the objection was that plaintiff's pleading did not set out the substantial terms thereof. The introduction in evidence of the policy at once made manifest a very serious defect in the pleadings. The pleadings declared on an absolute obligation to pay the loss or damage; while the evidence showed the existence of a condition precedent to any liability, whatever. While the rule as before stated is that so much of a contract as is essential to the cause of action should be set forth and no more, there is this qualification, as stated by the same authority:

"If there is any part of an agreement which materially qualifies or varies the sense and legal effect of the parts set forth, care must be taken not to omit it in order to avoid a fatal variance." 13 C. J. 720.

While the introduction of the policy was objected to on the ground that the substantial terms of same had not been alleged, without particular mention of the provision relative to furnishing proof of loss, still we think it is our duty to pass upon the matter. In fact, it is perhaps fundamental error requiring consideration in the absence of objection. While the sufficiency of the pleading could not be tested by reference to the terms of the policy, we think there was such a variance between the terms of the policy alleged and the one introduced that the objection to its introduction should have been sustained. Niagara Falls Ins. Co. v. Lollar (Tex. Civ. App.) 156 S. W. 1140.

It is not deemed necessary to discuss other propositions urged by appellant, except the twelfth and thirteenth. Such other propositions are simply passed without comment, on the assumption that they may not arise again.

[13, 14] By its twelfth and thirteenth propositions, appellant contends that, in a suit on a fire insurance policy which requires, as a condition precedent to liability thereunder, the assured shall within a defined period after the loss occurs furnish proof of loss to the insurer, it is necessary for plaintiff to allege and prove compliance on the part of the assured with such condition, or to allege and prove facts which would constitute a waiver. We have already disposed of that part of the contention complaining of the want of necessary pleadings. We sustain the point that, even if the policy was admissible in evidence, there was no evidence showing either a compliance with the proof of loss provision, or of any waiver thereof. A denial of liability before the expiration of the time in which proof of loss was to be made, or a denial of liability at any time on any other ground than failure to furnish proof of loss, would be sufficient to show a waiver, but even this is not

disclosed by the testimony. There is some evidence that an adjuster looked over the property after the fire. As to this adjuster, plaintiff himself testified:

"He did not give me an answer as to what they would do about the damages. They did not tell me they would pay or offer anything. * * * Mr. Trammel said the adjuster would allow me $20. I told Mr. Trammel I would not entertain the thought of that, and they have paid me nothing."

The testimony in our opinion does not show such repudiation of the claim as would evidence a waiver of the provision. The only denial of liability shown is an answer of general denial that may have had reference to the failure to make proof of loss.

For the errors pointed out, the judgment of the lower court will be reversed, and the cause remanded.

HICKMAN, C. J., disqualified and not sitting.