## CONTINENTAL MUTUAL FIRE INS. CO. v. WALLES. (No. 1876.)

Court of Civil Appeals of Texas. Beaumont.
July 23, 1929.

Alva W. Bounds and Elton M. Hyder, both of Fort Worth, for plaintiff in error.

F. G. Vaughn, of Beaumont, for defendant in error.

O'QUINN, J. Defendant in error sued plaintiff in error, in the district court of Orange county to recover upon a fire insurance policy. The allegations of his petition, omitting formal parts, are:

"Now comes Hilton Walles, hereinafter styled Plaintiff, complaining of Continental Mutual Fire Insurance Company of Texas, hereinafter styled Defendant, for cause of action says as follows:

"1. Plaintiff represents unto the Court, that he is a resident citizen of Orange County, Texas, and that the defendant, Continental Mutual Fire Insurance Company of Texas, is a Corporation, duly incorporated under and by virtue of the Laws of the State of Texas, with an office and agent in Ft. Worth, Texas, upon whom Service of Citation may be had.

"2. Plaintiff represents unto the Court, that during all the time hereinafter mentioned, that the defendant was engaged in the business of writing fire insurance in the State of Texas.

"3. Plaintiff represents unto the Court, that on the 15th day of June, 1928, that the defendant issued to the plaintiff herein Fire Insurance Policy No. 3809, insuring against loss by fire, the following described property:

"Item 1. On the two story, Shingle roof, frame building, and additions attached thereto, including foundations, all permanent piping and fixtures for lighting, heating and water service, occupied by the owner as a dwell-

ing, and situated in the town of Vidor, Orange County, Texas.

"Item 2. On the Household goods, including Beds, Bedding, Linens, Floor Coverings, Draperies, Tables, Chairs, Living Room, and Bed Room suites, Sewing Machines, Baby Carriages, Pictures and their Frames, Trunks, Valises and Jewelry in use, Plate and Plated Ware, China, Glass and Crockery Ware, Stoves, Kitchen Furniture and Utensils, only while contained in the above described building.

"4. Plaintiff represents unto the Court, that the reasonable market value of the above described goods at the time of said loss was $2,750.00.

"5. Plaintiff represents unto the Court, that on August 1st, 1928, that all of the above property was destroyed by fire, and Plaintiff alleges, that on September 7th, he notified the Defendant of said loss and requested and demanded of the Defendant, the payment for the loss of said above described property, in the sum of Two Thousand Seven Hundred and Fifty Dollars, ($2,750.00) and that the defendant has failed and refused to pay same to his damage in the sum of Three Thousand Dollars ($3,000.00).

"6. Plaintiff represents unto the Court, that by reason of the failure of the Defendant to pay the Plaintiff herein, as provided for in said Policy, and as contracted and agreed between the Plaintiff and the Defendant, that he has been compelled to retain counsel to represent him in the prosecution of this suit, and has contracted and agreed with the undersigned Attorney to represent him in the filing of said suit and in the trial of said cause, and has agreed to pay him the sum of Five Hundred Dollars ($500.00), which is reasonable.

"Wherefore, Plaintiff prays the Court that the Defendant be cited to appear and answer this suit, and that upon a trial hereof, that he recover the sum of Two Thousand Seven Hundred and Fifty Dollars ($2,750.00), the amount due under the terms of said policy, with interest thereon, at the rate of Six per cent (6%) per annum from the 6th day of August, A. D. 1928, until the day of payment, and that he recover the sum of Two Hundred and Seventy-Five Dollars ($275.00) as damages for delay, and Five Hundred Dollars ($500.00) as Attorney's fees, for costs of suit, and for such other and further relief that he may show himself justly entitled to."

Plaintiff in error answered by general demurrer and general denial.

The case was tried to the court without a jury. It is recited in plaintiff in error's brief that it offered no evidence on the trial, nor did it cross-examine witnesses for defendant in error. Judgment was rendered for defendant in error in the sum of $2,750, the amount alleged to be due under the terms of the policy, and for $275 as damages for delay in

making payment after notice of the loss and demand for payment, and for $350 as an attorney's fee, and for $42.62 interest, being interest at the rate of 6 per cent. on the amount of the policy from the date of the loss to the date of the judgment, to which judgment plaintiff in error excepted and gave notice of appeal.

There is no statement of facts nor any findings of fact by the court in the record. No motion for new trial was made, nor were there any assignments of error filed in the trial court. The case is before us on writ of error.

There is no brief for defendant in error.

█ Plaintiff in error, in its brief, presents several assignments of error, all urged as showing fundamental error. The first assignment asserts that, for several reasons set out, the court erred in rendering judgment for defendant in error because defendant in error's petition was subject to a general demurrer, and that the court erred in overruling its general demurrer. There is nothing in the record to show that plaintiff in error's demurrer was presented to the court, or that the court took any action thereon. No rule is better settled by repeated decisions of the appellate courts than that, where the record is silent as to any action asked or taken upon a demurrer, it will be deemed to have been waived. Bonner v. Glenn, 79 Tex. 531, 15 S. W. 572; Hickman v. Withers, 83 Tex. 578, 19 S. W. 138.

However, since a petition not good against a general demurrer—which fails to state a cause of action—would not support the judgment of recovery thereon, the question raised by the general demurrer will be treated as one of fundamental error when suggested. Plaintiff in error, in its brief, suggests fundamental error in the judgment by reason of the insufficiency of defendant in error's petition to state a cause of action, so we will examine same for fundamental error. Plaintiff in error suggests that, because defendant in error did not allege in his petition a consideration for the issuance of the policy of insurance issued to him by plaintiff in error and upon which the suit is founded, the petition was subject to a general demurrer and insufficient to support a judgment. The insurance policy was a written contract, and as such imported a consideration. If for any reason the consideration had failed, the burden was upon plaintiff in error to have pleaded and proved failure of consideration. This it did not do.

██ Plaintiff in error also suggests fundamental error because: (a) Defendant in error's petition failed to allege the terms and conditions of the contract of insurance; (b) that said petition did not allege that defendant in error had performed the conditions precedent to his right to recover under the terms of the policy; (c) that the petition did not allege that defendant in error had an insur-

able interest in the property covered by the policy and destroyed by fire; and (d) said petition did not allege that the contract of insurance was in force and effect at the time the property covered by the policy was destroyed by fire—by reason of all of which the petition was subject to a general demurrer, wholly failed to state a cause of action, and was insufficient in law to support the judgment rendered. The failure to directly allege the matters complained of does not constitute fundamental error. They are not matters that could be reached by a general demurrer, but, if the defects existed, they were such as should have been challenged by special exceptions. The petition, when given the benefit of all intendments and inferences that might be legally drawn from the matters alleged, was good as against a general demurrer. Furthermore, though plaintiff's cause of action may have been defectively stated, it was amendable, and therefore good as against a general demurrer. German Ins. Co. v. Gibbs (Tex. Civ. App.) 35 S. W. 679; Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185 (writ refused); Pennsylvania Ins. Co. v. Jameson Bros., 31 Tex. Civ. App. 651, 73 S. W. 418 (writ refused); Automobile Ins. Co. v. Bridges (Tex. Civ. App.) 5 S.W.(2d) 244, 246; Western Medical Arts Building Corporation v. Bryan (Tex. Civ. App.) 5 S.W.(2d) 862, 865.

Plaintiff in error cites us to the case of Commercial Union Assur. Co. v. Dunbar, 7 Tex. Civ. App. 418, 26 S. W. 628 and German Ins. Co. v. Everett (Tex. Civ. App.) 36 S. W. 125, as sustaining its contention that defendant in error's petition was subject to a general demurrer for want of the allegations urged. These decisions were both written by Judge Neill of the San Antonio Court of Civil Appeals, but in the later case of Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185, he expressly repudiated and overruled the holdings in the Dunbar and Everett Cases. The Woodward Case was carried to the Supreme Court on an application for writ of error, and the writ was refused.

The second assignment complains that the court erred in rendering judgment for defendant in error for $275 as a penalty, and for $350 as an attorney's fee, against it, because of its refusal to pay the amount of the policy upon notice of loss and demand for payment, because same was not authorized by law. As the court was not directly authorized either by the common law, or by statute, to give judgment in the nature of damages against plaintiff in error, a fire insurance company, for delay in making payment of losses by it insured, or for attorneys' fees, we presume that it rendered judgment for the penalty and attorney's fees by virtue of article 4736, Rev. St. 1925, but, if so, it was error, as this article does not apply to fire insurance companies.

Plaintiff in error's third assignment of error, urged as fundamental error, complains that the court erred in rendering judgment for defendant in error because the judgment was not supported by the evidence, and hence was unauthorized, unenforceable, and void. The question of the sufficiency of the evidence to support a verdict or judgment is not one of fundamental error, but is one that must be assigned regularly. Under the decisions, the court, in searching for fundamental error, is neither required nor permitted to examine the statement of facts to ascertain the sufficiency of the evidence. Furthermore in the instant case there is neither a statement of facts nor findings of fact by the court, so that the sufficiency of the evidence could not be determined by the record. In that condition of the record, the presumption is that there was sufficient evidence before the court to support and justify the judgment.

On plaintiff in error's suggestion of fundamental error, we take note of the judgment for $42.62 interest, being interest on the amount of the policy from the date of the loss to the date of the judgment. The property insured consisted of a dwelling house, and the household furniture, etc. The total amount of insurance on both was $2,750. Defendant in error alleged that on August 1, 1928, all of the property insured was destroyed by fire. Article 4929, Rev. St. 1925, provides:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property."

Under this law the amount for which the house was insured became a liquidated demand, and defendant in error was entitled to interest on this amount from the date of the loss, but there is nothing in the record to inform us for what amount the house was insured. Under the statute, the amount for which the household goods were insured, they being personal property, did not become a liquidated demand, and interest on the amount for which they were insured would not begin to run until the time for payment provided in the policy, and that not being shown, then not until the date of the judgment; hence the giving of judgment for interest on the whole amount for which they were both insured from the date of the fire to the date of judgment was error. There being nothing in the record to advise us of the different values for which the house or the household goods were insured, the interest cannot be found by us, and hence the judgment should be for interest on the whole from the date of the judgment in the trial court, November 14, 1928.

From what we have said it follows that the

judgment of the trial court should be reformed by omitting and disallowing the items of $275 adjudged as a penalty for delay in making payment, and $350 granted as an attorney's fee, and $42.62 interest above discussed, and by granting judgment for interest at the rate of 6 per cent. per annum on the amount of the policy, $2,750, from and after the date of the judgment, to wit, November 14, 1928, and that as so reformed the judgment should be affirmed, and it is so ordered. The costs of this appeal will be taxed against defendant in error.