## HOMESTEAD FIRE INS. CO. v. SIMPSON.

### No. 13310.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 31, 1936.

Rehearing Denied March 13, 1936.

Hyder, Gleeson & Simon, of Fort Worth, for appellant.

Houtchens & Houtchens, J. Elwood Winters, and J. Harold Craik, all of Fort Worth, for appellee.

MARTIN, Justice.

Suit by Moses L. Simpson on a fire insurance policy issued by the Homestead Fire

Insurance Company in the sum of $800, dated November 21, 1932, and to expire November 21, 1933, covering stock, furniture, and fixtures in a grocery and market maintained by the insured at 2709 North Twenty-Sixth street, Fort Worth, Tex.

It was alleged by plaintiff that in a fire, occurring on October 5, 1933, he sustained total loss of certain furniture and equipment of the value of about $1,200.

Defendant answered by general exception, several special exceptions, a plea in abatement, and by general denial.

The case was tried to a jury, who, in answer to special issues, found, in substance, as follows: (a) That plaintiff did not receive defendant's demand for arbitration prior to the filing of the suit; (b) that plaintiff sustained a total loss of all of the articles covered by the policy; (c) that the reasonable cash market value of the property immediately prior to the fire was $1,000; and (d) that the property had no market value immediately after the fire.

Defendant moved for an instructed verdict and for judgment non obstante veredicto, and from a judgment for plaintiff for $800 and costs, has appealed to this court for review.

Appellant insists first that its general exception should have been sustained, because the plaintiff's petition nowhere alleges specifically that the property insured and destroyed was the property of the plaintiff. As against general exception, the rule seems to be that if, by reasonable construction of the entire pleading this court can gather the sense of an allegation of ownership, the pleading is sufficient to establish insurable interest. The rule is well stated by Mr. Justice Funderburk, of the Eastland Court of Civil Appeals, in Automobile Insurance Co. v. Bridges, 5 S.W.(2d) 244, 246, as follows: "The true rule seems to be that, if a petition contains averments from which the fact of ownership at the time the policy is issued or at the time of the fire, or the fact of insurable interest at either time, can be reasonably inferred from matters alleged, the petition is not subject to general demurrer. It is said that in a pleading, if sufficient be stated to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averment cannot be taken advantage of by a general demurrer. Northwestern Nat. Ins. Co. v. Woodward, supra [18 Tex.Civ.App. 496, 45 S.W. 185]. If the cause of action attempted to be stated is so stated that it is amendable, it is good against a general demurrer. Erie Telegraph Co. v. Grimes, 82 Tex. 89, 17 S. W. 831. Applying the principle to the questions raised in appellant's first, third, and fourth propositions, we think that the allegations in plaintiff's petition that he is the owner of the property; that upon a given date he had the premises insured by a policy wherein defendant agreed to insure him against any losses by fire occurring to 'said property of plaintiff,' which said contract 'was in full force and effect and binding on plaintiff and defendant'; that damage by fire occurred on or about May 5, 1926, 'to the house of this plaintiff'; and that before said fire was put out the said fire and heat had burned many holes in the roof 'belonging to this plaintiff'—all compel the inference that plaintiff was the owner of the property at the date of the policy and at the time of the fire, and that the policy was in force at the time of the fire."

Applying this rule to the pleading in question, we find ample averments to support the inference of ownership of the property; in fact no other conclusion could be reached—none other is even faintly suggested. The assignment is overruled.

Plea in abatement was interposed because on the face of the policy of insurance the Union Bank & Trust Company was shown to be a mortgagee of some of the property to the extent of $85, and was not made a party to the suit, though plaintiff's petition alleged that this debt had been paid. It is also shown that before the conclusion of the trial this party filed a disclaimer of any interest in the policy of insurance. No reversible error is shown in the action of the court in overruling the plea in abatement.

Many assignments of error are based upon the action of the trial court in overruling certain special exceptions to plaintiff's petition, but none of them point out definitely where, by reason of such rulings, the defendant was prejudiced or suffered any injustice in the trial of the case, and we believe the rule to be that in order to successfully attack the action of the trial court upon special exceptions, the appealing party has the burden of showing that the ruling complained of operated to his detriment, in some way, in the trial of the case. 3 Tex. Jur. p. 1254, and authorities there cited in support of the text.

Several assignments of error complain of the action of the trial court in admitting and rejecting testimony of witnesses called to

testify as to the value of the property alleged to have been destroyed. We have carefully examined them all, and, without discussing them in detail, have reached the conclusion that none of them reflect reversible error.

The judgment of the trial court is therefore affirmed.