## LONG v. DUMESNIL.

### No. 3584.

Court of Civil Appeals of Texas. Beaumont.

Dec. 21, 1939.

Morris & Bennett, of Beaumont, for appellant.

W. B. West and C. W. Wiedemann, both of Beaumont, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted by appellant, Ed Long, from a judgment of the district court of Jefferson county against him in favor of appellee, M. J. Dumesnil, for the amount of a promissory note, an open account, and foreclosing a chattel mortgage lien executed by appellant, to secure the payment of the indebtedness evidenced by the judgment. The trial was to the court without a jury. The trial court filed conclusions of fact and law supporting all the allegations of appellee's petition. The record is before us without a statement of facts.

Appellee plead that appellant was due him the sum of $208.40 on an open account for "goods, wares and merchandise." The account attached to the petition as an exhibit, made such by proper allegations, recited:

"Beaumont, Texas. Nov. 10, 1938.
M Ed. Long
In account with
Farmers' Market
Meats, poultry, groceries, vegetables and
Bakery Goods
Corner Park & Fannin          Phone 774."

This introduction to the account was followed by an itemized statement, rendered day by day of the amount of the account but the statement did not reflect the nature of "the goods, wares, and merchandise"— nothing was shown except the amount of the daily account. The court did not err in overruling appellant's general demurrer against the petition. The general rule is that a defective statement of a cause of action, if amendable, is not subject to the general demurrer. Western Medical Arts Bldg. Corp. v. Bryan, Tex.Civ.App., 5 S. W.2d 862; Northwestern National Ins. Co. v. Woodward, 18 Tex.Civ.App. 496, 45 S.W. 185; Garrett et al. v. Kelley et al., Tex.Civ. App., 6 S.W.2d 414; Cunningham v. Wheatly, 21 Tex. 184.

The mortgaged property was described as follows in the mortgage: "Being all that certain barbecue stand situated at 704 Neches St. in the city of Beaumont, Jefferson County, Texas, known as Ed. Long's Barbecue stand No. 2 and containing lunch counters, 1 cash register, carving knives, electric ice boxes and refrigeration system, barbecue cooking pits and all necessary equipment that is now used in connection with said stand No. 2. Also what is known as Ed. Long's Barbecue Stand No. 1, situated at Forsythe Street, Beaumont, Texas, and containing all counters, electric ice boxes, and refrigeration system, cash registers, knives, dishes, tables, chairs and all other character of property used in the operation of said business including the lease in and upon both locations of said business No. 1 and No. 2; also 1 Dodge pickup Truck now in use in connec-

tion with the said Ed. Long Barbecue stand No. 1 and Barbecue stand No. 2 and .the said Dodge Pickup Truck being the same Dodge Truck heretofore purchased from Jackson Motor Company of Beaumont, Texas."

The description was not fatally defective; it was sufficient to support the judgment of foreclosure. H. O. Wooten Gro. Co. v. Wade Meat Co., Tex.Civ.App., 37 S.W.2d 1090; Harding et al. v. San Saba Nat. Bank, Tex.Civ.App., 13 S.W.2d 121; Handley v. McDonald & Ely Gin Co., Tex.Civ. App.,·9 S.W.2d 372.

The judgment of the lower court is affirmed.